STATE OF NORTH CAROLINA v. PETER JOSEPH SPECKMAN, JR.

No. 50PA89

(Filed 10 May 1990)

## Indictment and Warrant § 8.4 (NCI3d)— embezzlement and false pretenses—failure to require election by State—new trial

Defendant was entitled to a new trial on charges of embezzlement and false pretenses where the trial court did not instruct the jury that it could convict defendant only of one offense or the other, but not of both. Although N.C.G.S. § 14-100 now clearly provides that a defendant may be convicted of embezzlement upon an indictment charging him with false pretenses, the legislature intended to give full effect to our original common law rule against requiring the State to elect between charges of embezzlement and false pretenses if the felonies charged arose from the same transaction. If the evidence at trial conflicts and some of it tends to show false pretenses but other evidence tends to show that the same transaction amounted to embezzlement, the trial court should submit both charges to the jury but must instruct the jury that it may convict defendant only of one offense or the other, but not of both. Even though the convictions here were consolidated for a single judgment, there was prejudice in that separate convictions for mutually exclusive offenses have potentially severe adverse collateral consequences. Furthermore, given the peculiar posture of this case, there was a reasonable possibility that a different result would have been reached at trial as to both charges had the trial court correctly instructed the jury.

Am Jur 2d, Embezzlement §§ 1, 6; False Pretenses § 5.

ON discretionary review of the decision of the Court of Appeals, 92 N.C. App. 265, 374 S.E.2d 419 (1988), affirming a judgment entered by *Griffin, J.,* in the Superior Court, MECKLENBURG County, on 13 August 1987. Heard in the Supreme Court on 16 November 1989.

*Lacy H. Thornburg, Attorney General, by David F. Hoke, Associate Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Mark D. Montgomery, Assistant Appellate Defender, for the defendant.*

STATE v. SPECKMAN

[326 N.C. 576 (1990)]

MITCHELL, Justice.

The defendant was indicted on 23 March 1987, in separate indictments, for one count of embezzlement and one count of obtaining property by false pretenses (hereafter, "false pretenses"). He was tried at the 10 August 1987 Session of Superior Court, Mecklenburg County, and was convicted of both charges. After consolidating the offenses for judgment, the trial court sentenced the defendant to imprisonment for one year and to a fine of $7,500. On appeal, the Court of Appeals found no error. Thereafter, this Court granted the defendant's petition for discretionary review. We now reverse the decision of the Court of Appeals.

The State's evidence at trial tended to show that the defendant was Floyd D. Young's attorney. In that capacity, the defendant advised Young on various investment opportunities. Sometime in 1984, the defendant informed Young that a 22.5 percent partnership interest in "Slide-a-Ride," a waterslide in Winston-Salem, North Carolina, was for sale. The defendant represented that "Slide-a-Ride" was a good investment.

The evidence tended to show that the defendant did not tell Young that the defendant owned the partnership interest that was for sale. The defendant had purchased the partnership interest from James Schwab for $6,500 in 1983, but the partnership records had not been changed to reflect the change of ownership.

The partnership records did reveal, however, that the waterslide operation had never operated at a profit. In addition, the partnership had never yielded any return on investment to the partners. Nevertheless, the defendant recommended the investment to his client Young and stated that the defendant could arrange the sale.

Relying upon the defendant's advice, Young agreed to purchase the partnership interest for $7,500 and gave that amount to the defendant. Even though the defendant had previously purchased the interest from James Schwab, the defendant informed Young that the money was used to purchase Schwab's interest (presumably from Schwab). Thereafter, the defendant deposited the money into his trust account.

At trial, the defendant testified on his own behalf. He denied withholding any material information from Young. The defendant admitted, however, that he purchased Schwab's interest before selling it for a profit to Young. He explained that the $1,000 profit

covered his expenses and that Young really did not care who owned the partnership interest. The defendant further conceded that he failed to inform the partnership of any of the transactions in question. Consequently, neither Young, Schwab nor the partnership received any documentation from the defendant concerning the transactions, and in 1984 the partnership records still listed Schwab as a partner.

The jury found the defendant guilty of both embezzlement and false pretenses. On appeal, the Court of Appeals concluded that the crimes of embezzlement and false pretenses are, by definition, mutually exclusive offenses and, therefore, that the trial court had erred in denying the defendant's motion at trial to require the State to elect to try him for one offense or the other, but not for both offenses. The Court of Appeals held, however, that the trial court's consolidation of the two offenses in a single judgment prevented any prejudice to the defendant.

This Court has held that to constitute embezzlement, the property in question initially must be acquired lawfully, pursuant to a trust relationship, and then wrongfully converted. *State v. Griffin*, 239 N.C. 41, 45, 79 S.E.2d 230, 233 (1953); N.C.G.S. § 14-90 (1986). On the other hand, to constitute false pretenses the property must be acquired unlawfully at the outset, pursuant to a false representation. *State v. Griffin*, 239 N.C. at 45, 79 S.E.2d at 232; N.C.G.S. § 14-90 (1986). This Court has previously held that, since property cannot be obtained simultaneously pursuant to both lawful and unlawful means, guilt of either embezzlement or false pretenses necessarily excludes guilt of the other. *State v. Griffin*, 239 N.C. at 45, 79 S.E.2d at 233. The Court of Appeals correctly concluded that, under our law, a defendant may not be convicted of both embezzlement and false pretenses arising from the same act or transaction, due to the mutually exclusive nature of those offenses. *State v. Griffin*, 239 N.C. 41, 79 S.E.2d 230.

However, while a defendant cannot be convicted of both embezzlement and false pretenses based upon a single transaction, the State may charge the defendant with both offenses. Separate offenses may be joined for trial when they are alleged to arise from the same act or transaction. N.C.G.S. § 15A-926(a) (1988). In the present case, the events giving rise to the embezzlement and the false pretenses charges against the defendant were clearly parts of the same act or transaction. Nevertheless, relying upon

*State v. Griffin,* 239 N.C. 41, 79 S.E.2d 230, the Court of Appeals held that "where the charges involved are mutually exclusive, as in the present case, we are persuaded that the State should be required to make an election between the charges." *State v. Speckman,* 92 N.C. App. 265, 269, 374 S.E.2d 419, 422 (1988). We do not agree.

The Court of Appeals' reliance on *Griffin* in this regard was misplaced. That case held that the State must elect prior to trial between the mutually exclusive charges of embezzlement and false pretenses and proceed against the defendant for only one of those charges. *State v. Griffin,* 239 N.C. at 45, 79 S.E.2d at 233. However, since the *Griffin* decision, the legislature has abrogated the election requirement as applied in that case. In 1975, the legislature rewrote N.C.G.S. § 14-100 to provide:

> that if, on the trial of anyone indicted for [false pretenses], it shall be proved that he obtained the property in such manner as to amount to larceny or *embezzlement,* the jury shall have submitted to them such other felony proved . . . .

1975 N.C. Sess. Laws ch. 783, § 1 (emphasis added).

This statute now clearly provides that a defendant may be convicted of embezzlement upon an indictment charging him with false pretenses. N.C.G.S. § 14-100 (1986). Further, we conclude that as to embezzlement and false pretenses charges, the legislature intended to give full effect to our original common law rule against requiring the State to elect between charges, if the felonies charged allegedly arose from the same transaction. *Cf. State v. Morrison,* 85 N.C. 561, 562 (1881) (stating the common law rules). Where, as here, there is substantial evidence tending to support both embezzlement and false pretenses arising from the same transaction, the State is not required to elect between the offenses. Indeed, if the evidence at trial conflicts, and some of it tends to show false pretenses but other evidence tends to show that the same transaction amounted to embezzlement, the trial court should submit both charges for the jury's consideration. In doing so, however, the trial court must instruct the jury that it may convict the defendant only of one of the offenses or the other, but not of both. If, on the other hand, the evidence at trial tends only to show embezzlement or tends only to show false pretenses, the trial court must submit only the charge supported by evidence for the jury's consideration. As the evidence in the present case would have

supported a verdict finding the defendant guilty of either offense, the trial court did not err either by submitting both charges for the jury's consideration or by denying the defendant's motion that the State be required to elect to try him for only one of the offenses. The Court of Appeals erred in its conclusion to the contrary.

Before this Court the defendant contends, nevertheless, that the trial court erred in allowing the jury to convict him of both embezzlement and false pretenses based upon a single transaction and that the error was prejudicial. We agree. The separate convictions for mutually exclusive offenses, even though consolidated for a single judgment, have potentially severe adverse collateral consequences. *Ball v. United States*, 470 U.S. 856, 865, 84 L. Ed. 2d 740, 748 (1985); *State v. Barnes*, 324 N.C. 539, 540, 380 S.E.2d 118, 119 (1989) (per curiam). Therefore, consolidating the two convictions and entering a single judgment did not reduce the trial court's error to harmless error. *Id.* To the extent that *State v. Meshaw*, 246 N.C. 205, 98 S.E.2d 13 (1957), conflicts with our decision on this point, that case is disapproved.

Further, given the peculiar posture in which this case comes before us, we conclude that there is a "reasonable possibility" that a different result would have been reached at trial as to both charges, had the trial court correctly instructed the jury that it could convict the defendant only of one offense or the other, but not of both. Therefore, the defendant is entitled to a new trial on both charges. N.C.G.S. § 15A-1443(a) (1988).

The decision of the Court of Appeals holding that there was no prejudicial error in the defendant's trial is reversed.

Reversed.