STATE OF NORTH CAROLINA v. AUBREY ALBERTO MUMFORD

No. 32PA10

(Filed 8 October 2010)

**1. Criminal Law— verdicts—inconsistent—not contradictory**

Verdicts of guilty of the greater offense of felony serious injury by vehicle but not guilty on the lesser offense of driving while impaired were inconsistent but not mutually exclusive. N.C.G.S. § 20-141.1(a3), felony serious injury by vehicle, does not require a conviction of driving while impaired, but only a finding that defendant was engaged in the conduct described.

**2. Sentencing— restitution—amount—sufficiency of evidence—no prejudice**

The trial court erred in ordering restitution in a prosecution for felony serious injury by vehicle and driving while impaired because there was not a definite and certain stipulation and the mere presentation of a worksheet by the prosecution was not sufficient to support the award. However, there was no prejudice because defendant cannot be made to pay more than is actually owed, so that defendant will pay the lesser of the amount owed or the amount ordered by the court.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 201 N.C. App. ——, 688 S.E.2d 458 (2010), vacating judgments entered on 10 September 2008 by Judge Paul L. Jones in Superior Court, Greene County. Heard in the Supreme Court 9 September 2010.

*Roy Cooper, Attorney General, by Robert C. Montgomery, Special Deputy Attorney General, for the State-appellant.*

*Rudolph A. Ashton, III for defendant-appellee.*

BRADY, Justice.

On 10 September 2008 a Greene County jury found defendant Aubrey Alberto Mumford guilty of five counts of felony serious injury by vehicle and one count of misdemeanor hit and run, but found defendant not guilty of driving while impaired. After sentencing defendant to a term of imprisonment, the trial court also ordered defendant to pay restitution. To be convicted under N.C.G.S.

§ 20-141.4(a3), felony serious injury by vehicle, a person must be "engaged in the offense of impaired driving under G.S. 20-138.1 or G.S. 20-138.2." N.C.G.S. § 20-141.4(a3) (2009). In this case we first consider whether a not guilty verdict under N.C.G.S. § 20-138.1 and a guilty verdict under N.C.G.S. § 20-141.4(a3) are merely inconsistent or legally contradictory. We hold that the jury's verdicts are merely inconsistent. Next, we consider whether the trial court erred by ordering defendant to pay restitution when defendant did not explicitly stipulate or otherwise unequivocally agree to the amount of restitution ordered. We hold that the trial court did err in its award of restitution but that the error was not prejudicial. Accordingly, we reverse the opinion of the Court of Appeals on these issues and remand the case to the Court of Appeals for consideration of assignments of error not addressed in that court's initial opinion.

## PROCEDURAL AND FACTUAL BACKGROUND

On 8 June 2007, a high school graduation party was held at a private residence on Fred Harrison Road, a two lane road in Greene County. Party guests parked their vehicles along both sides of the road near the residence. The party continued into the early morning hours until uninvited guests arrived and fighting and gunfire erupted. The party hosts told their guests to leave. As guests were returning to their vehicles a large, dark-colored Cadillac traveling on Fred Harrison Road struck several pedestrians. Gunshots were then fired at the Cadillac. Following the gunfire, the Cadillac accelerated and left the scene. In total, the Cadillac struck five pedestrians. Law enforcement arrived at the scene approximately five minutes later. After officers assisted victims and requested emergency medical assistance, they conducted a criminal investigation and found casings from a nine millimeter handgun, a Cadillac hood ornament, and pieces of a vehicle grill on the road near where the vehicle struck the victims.

Deputy Sheriff Jason Spencer located the Cadillac at the residence of defendant's grandmother. The Cadillac's hood ornament and pieces of the grill were missing, and two bullet holes were found in the back of the vehicle. Defendant was taken into custody at approximately 2:30 a.m. on 9 June 2007. Defendant was advised of his rights and took an intoxilyzer test at 3:47 a.m. Defendant's blood alcohol level was measured to be .09. Based upon this test, an expert for the State testified at trial that defendant's blood alcohol level would have been .15 at the time of the collision. Defendant gave a statement to law enforcement relating that on 8 June 2007, he began drinking at

6:00 p.m. and over the course of the evening had one thirty-two ounce beer, a shot of liquor, and two more swallows of beer before the collision on Fred Harrison Road. Defendant stated he had "two or three" more "big swallows" of beer after the collision but before he was apprehended by law enforcement.

On 3 March 2008, the Greene County Grand Jury returned a true bill of indictment charging defendant with one count of felony hit and run, five counts of felony serious injury by vehicle while engaged in the offense of impaired driving, one count of driving while impaired, and one count of driving while license revoked. Before trial, defendant pleaded guilty to driving while license revoked. Defendant was tried for the remaining offenses at the 8 September 2008 criminal term of Superior Court, Greene County.

The trial court instructed the jury on all charges by using the North Carolina Criminal Pattern Jury Instructions. The charge for felony serious injury by vehicle stated, in pertinent part:

> The Defendant has been charged with five counts of felonious serious injury by vehicle. For you to find the Defendant guilty of this offense, the State must prove [*inter alia*, the following] things beyond a reasonable doubt. First, that the Defendant was driving a vehicle. Second, that he was driving the vehicle upon a highway or street within the state. Third, that at the time the Defendant was driving that vehicle he was under the influence of an impairing substance.

> Alcohol is an impairing substance. The Defendant is under the influence of an impairing substance when the Defendant has taken or consumed a sufficient quantity of that impairing substance that caused the Defendant to lose a normal control of Defendant's bodily or mental faculties or both to such an extent that there is an appreciable impairment of either or both of these faculties; or had consumed sufficient alcohol that at any relevant time after the driving the Defendant has an alcohol concentration of 0.08 or more grams of alcohol per 210 liters of breath per 100 milliliters of blood, at a relevant time after driving, that Defendant still had in his body . . . alcohol consumed before or during the driving. The results of a chemical analysis are deemed sufficient evidence to prove a person's alcohol concentration.

The jury was given the following instruction with regard to the driving while impaired charge:

For you to find the Defendant guilty of [driving while impaired] the State must prove three things beyond a reasonable doubt. First, the Defendant was driving a vehicle. Second, that the Defendant was driving that vehicle upon a highway or street within the state. Third, at the time the Defendant was driving the vehicle the Defendant was under the influence of an impairing substance.

As I previously said, alcohol is an impairing substance. The Defendant is under the influence of an impairing substance when the Defendant has taken or consumed a sufficient quantity of that impairing substance to cause the Defendant to lose the normal control of the Defendant's bodily or mental faculties or both to such an extent that there is an appreciable impairment of either or both of these faculties or had consumed sufficient alcohol that at any relevant time after the driving the Defendant had an alcohol concentration of 0.08 or more grams of alcohol per 210 liters of breath.

A relevant time is any time after the driving that the driver still has in the body alcohol consumed before or during the driving. The results of a chemical analysis are deemed sufficient evidence to prove a person's alcohol concentration.

The trial court did not specifically instruct the jury that in order to find defendant guilty of felony serious injury by vehicle, it must also find him guilty of driving while impaired. The jury found defendant guilty of all five counts of felony serious injury by vehicle and of misdemeanor hit and run but returned a not guilty verdict on the charge of driving while impaired. After the verdicts were returned, the State submitted restitution worksheets to the court, which calculated that defendant owed $228,043.84 in restitution. Defense counsel at one point agreed with the prosecutor's statement that the amount submitted on the worksheets included insurance payments, but made no further statements or objections concerning the restitution worksheets. The State submitted no further evidence supporting the amounts submitted on the restitution worksheets.

Defendant was sentenced to (1) concurrent forty-five day sentences for misdemeanor hit and run and driving while license revoked, and (2) two consecutive, consolidated eighteen to twenty-two month terms of imprisonment for felony serious injury by vehicle. Defendant was also ordered to pay restitution in the amount of $228,043.84.

Defendant appealed the judgments. The Court of Appeals held that the felony serious injury by vehicle and driving while impaired verdicts were legally inconsistent and contradictory, and it vacated defendant's five convictions for felony serious injury by vehicle. The Court of Appeals further held that the trial court erred in its order requiring defendant to pay restitution and accordingly, vacated that portion of the trial court's order.

## Felony Serious Injury by Vehicle Convictions

[1] Defendant argues that the Court of Appeals correctly concluded that the jury's conflicting verdicts regarding the felony serious injury by vehicle and driving while impaired charges are legally inconsistent *and* contradictory, which requires the convictions for the compound offenses of felony serious injury by vehicle to be vacated. The State argues that the verdicts are merely inconsistent and as such cannot be disturbed pursuant to long-standing precedent. The standard of review for this issue is whether there was any error of law in the decision of the Court of Appeals. *State v. Brooks*, 337 N.C. 132, 149, 446 S.E.2d 579, 590 (1994) (citations omitted).

In North Carolina jurisprudence, a distinction is drawn between verdicts that are merely inconsistent and those which are legally inconsistent *and* contradictory. *See State v. Meshaw*, 246 N.C. 205, 207-08, 98 S.E.2d 13, 15 (1957), *overruled in part on other grounds by State v. Speckman*, 326 N.C. 576, 580, 391 S.E.2d 165, 168 (1990). It is firmly established that when there is sufficient evidence to support a verdict, "mere inconsistency will not invalidate the verdict." *State v. Davis*, 214 N.C. 787, 794, 1 S.E.2d 104, 108 (1939) (citing *State v. Sigmon*, 190 N.C. 684, 130 S.E. 854 (1925)). However, when a verdict is inconsistent and contradictory, a defendant is entitled to relief. *Meshaw*, 246 N.C. at 207-08, 98 S.E.2d at 15. The distinction between verdicts that are merely inconsistent and those that are inconsistent and contradictory has not been clearly established by this Court, but several cases offer guidance on the issue.

In *State v. Sigmon* the defendant was found guilty of transporting intoxicating liquors but not guilty of unlawful possession of intoxicating liquors. 190 N.C. at 690-91, 130 S.E. at 857. The defendant argued that "a party could not be guilty of transporting unless likewise guilty of possession"; therefore, the not guilty verdict obligated the court to vacate the transporting conviction. *Id.* at 691, 130 S.E. at 857. This Court disagreed, stating, "[W]hile the jury would have been fully justified in finding the defendant guilty on both counts, under

the evidence in this case, their failure to do so, does not, as a matter of law, vitiate the verdict on the count for transporting." *Id.*

Seven years later in *Dunn v. United States*, 284 U.S. 390 (1932), the Supreme Court of the United States held that "[c]onsistency in [a] verdict is not necessary." *Id.* at 393. The defendant in Dunn was charged in a three count indictment for "maintaining a common nuisance by keeping for sale at a specified place intoxicating liquor", unlawful possession of intoxicating liquor, and unlawful sale of intoxicating liquor. *Id.* at 391. The defendant argued that his acquittal of unlawful possession and unlawful sale of intoxicating liquor entitled him to a discharge of his conviction for "maintaining a common nuisance by keeping for sale at a specified place intoxicating liquor." *Id.* at 391-92. The Court reasoned that the guilty verdict should stand because if the nuisance charge had been tried individually under a separate indictment, the evidence presented was sufficient to support a conviction. *Id.* at 393. The Court declined to venture into the reasons behind the jury's verdict, simply stating, "That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters." *Id.* at 394.

In *United States v. Powell*, 469 U.S. 57 (1984), the Supreme Court of the United States specifically addressed whether an acquittal of a predicate offense required a reversal of a guilty verdict on the compound felony. In *Powell*, the defendant was indicted on several charges related to the selling and distribution of cocaine. *Id.* at 59-60. The defendant was convicted of charges relating to using the telephone to sell and distribute cocaine, but acquitted of conspiracy to possess cocaine and possession of cocaine with the intent to sell or distribute, underlying offenses of the telephone facilitation charges. *Id.* The Court reaffirmed its ruling in *Dunn*, explaining that

[t]he rule that the defendant may not upset [an inconsistent] verdict embodies a prudent acknowledgment of a number of factors. First . . . inconsistent verdicts—even verdicts that acquit on a predicate offense while convicting on the compound offense— should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. But in such situations the Government has no recourse

if it wishes to correct the jury's error; the Government is precluded from appealing or otherwise upsetting such an acquittal by the Constitution's Double Jeopardy Clause.

Inconsistent verdicts therefore present a situation where "error," in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored. Given this uncertainty, and the fact that the Government is precluded from challenging the acquittal, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course.

*Id.* at 65 (internal citations omitted). In *State v. Reid*, 335 N.C. 647, 658-61, 440 S.E.2d 776, 782-83 (1994), this Court adopted the above reasoning in *Powell* when upholding a conviction of an aider and abettor even though the principal had been acquitted.

In the above cases each defendant was charged on multiple count indictments, and each jury returned guilty verdicts for a greater offense while acquitting the defendant of the lesser offense. These verdicts were inconsistent because they represented an apparent flaw in the jury's logic—presumably, a finding of guilt in the greater offense would establish guilt in the lesser offense. However, because each count of an indictment is, "in fact and theory, a separate indictment," *State v. Toole*, 106 N.C. 564, 566, 106 N.C. 736, 740, 11 S.E. 168, 169 (1890), the inconsistencies were permissible, and not found to be legally contradictory, as long as there was sufficient evidence to support the guilty verdict.

The outcome is different when a jury returns a "mutually exclusive" verdict. Verdicts are mutually exclusive when a verdict "purports to establish that the [defendant] is guilty of two separate and distinct criminal offenses, the nature of which is such that guilt of one necessarily excludes guilt of the other." *Meshaw*, 246 N.C. at 207, 98 S.E.2d at 15 (holding that the defendant receive a new trial due to the "mutually exclusive nature of the two separate and distinct criminal offenses" of larceny and receiving stolen items).

In *State v. Speckman*, the jury found the defendant guilty of both embezzlement and obtaining property by false pretenses. 326 N.C. at 577, 391 S.E.2d at 166. This Court found the two crimes to be mutually exclusive, stating:

[T]o constitute embezzlement, the property in question initially must be acquired lawfully, pursuant to a trust relationship,

and then wrongfully converted. On the other hand, to constitute false pretenses the property must be acquired unlawfully at the outset, pursuant to a false representation. This Court has previously held that, since property cannot be obtained simultaneously pursuant to both lawful and unlawful means, guilt of either embezzlement or false pretenses necessarily excludes guilt of the other. . . . [U]nder our law, a defendant may not be convicted of both embezzlement and false pretenses arising from the same act or transaction, due to the mutually exclusive nature of those offenses.

*Id.* at 578, 391 S.E.2d at 166-67 (citations omitted). The defendant was entitled to a new trial on both charges. *Id.* at 580, 391 S.E.2d at 168.

In the present case defendant was found guilty of the greater offense of felony serious injury by vehicle but acquitted of the lesser offense of driving while impaired. While these verdicts are certainly inconsistent, they are not mutually exclusive. Since this case presents nothing "more than mere inconsistency," defendant is not entitled to relief. *Meshaw*, 246 N.C. at 207, 98 S.E.2d at 15. This result does not unjustly expose criminal defendants to nescient or rogue juries because "a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts." *Powell*, 469 U.S. at 67. In the instant case, defendant was convicted of five counts of felony serious injury by vehicle under N.C.G.S. § 20-141.4(a3). Subsection 20-141.4(a3) does not require a *conviction* of driving while impaired under N.C.G.S. § 20-138.1 or N.C.G.S. § 20-138.2, but only requires a finding that the defendant was engaged in the conduct described under either of these offenses. Both the trial court and the Court of Appeals concluded that there was sufficient evidence presented at trial to support defendant's convictions for felony serious injury by vehicle under N.C.G.S. § 20-141.4(a3). *State v. Mumford*, —— N.C. App. ——, ——, 688 S.E.2d 458, 462-63 (2010).

For over seventy years, the prudence of the inconsistent verdict rule has guided this Court in analyzing conflicting and unexplained verdicts. We decline to depart from the wisdom of this well-established precedent today. As such, defendant's convictions for felony serious injury by vehicle should not be disturbed. Accordingly, the decision of the Court of Appeals vacating these convictions is reversed.

We note that two cases appear to be contradictory to the above inconsistent verdict analysis and this Court's previous holdings in *Meshaw* and *Speckman. See State v. Perry*, 305 N.C. 225, 287 S.E.2d 810 (1982) (affirming the decision of the Court of Appeals to vacate defendant's sentence for felonious larceny when the trial court returned a guilty verdict for felonious larceny but acquitted defendant of breaking or entering); *State v. Holloway*, 265 N.C. 581, 144 S.E.2d 634 (1965) (per curiam) (ordering a new trial when defendant was found guilty of felonious larceny, but acquitted of breaking or entering and no evidence was presented at trial to prove the value of the stolen goods). To the extent that these two cases are contrary to today's holding and long-standing inconsistent verdict precedent, they are overruled.

### Restitution

[2] The State asserts that the Court of Appeals erred in vacating the portion of the judgment ordering defendant to pay restitution. We agree.

The State argues that defense counsel stipulated to the amount of the restitution. The following colloquy occurred during the sentencing hearing:

The Court: . . . The Court orders that judgment be rendered against the Defendant in the amount of $228—$228,043.84. Is this the amount that does not include insurance payments?

Mr. Rogerson [defense counsel]: It does not, Your Honor.

Mr. Muskus [prosecutor]: It does, Judge, that's actually Ms. Tyndall—

Mr. Rogerson: We verified that?

Mr. Muskus: It does.

Mr. Rogerson: Okay. All right, that's fine.

The Court: Okay. Judgment in the amount of $228,043.84.

As an initial matter, we must consider whether the portion of the judgment ordering restitution may be reviewed on appeal without an objection to the trial court's ruling by defendant. The State urges us to find that N.C.G.S. § 15A-1446(d)(18) is unconstitutional because the statute conflicts with this Court's supreme authority to make rules for the Appellate Division under Article IV, Section 13(2) of

the North Carolina Constitution. The State cites several instances in which we have found various other subdivisions of subsection 15A-1446(d) to be unconstitutional. *See, e.g., State v. Spaugh,* 321 N.C. 550, 552-53, 364 S.E.2d 368, 370 (1988) (noting this Court's previous holding that subdivision (d)(5) is unconstitutional because of conflict with then Rule 10(b)(3) (citing *State v. Stocks,* 319 N.C. 437, 439, 355 S.E.2d 492, 493 (1987); *State v. Bennett,* 308 N.C. 530, 535, 302 S.E.2d 786, 790 (1983) (holding subdivision (d)(13) unconstitutional because of conflict with then Rule 10(b)(2); *State v. Elam,* 302 N.C. 157, 160, 273 S.E.2d 661, 664 (1981) (holding subdivision (d)(6) unconstitutional because of conflict with Rules 10 and 14(b)(2)). However, in each of these cases the provisions of subsection 15A-1446(d) conflicted with specific provisions of our appellate rules rather than the general rule stated in Rule of Appellate Procedure 10(a). Rule 10(a) provides generally that an issue may not be reviewed on appeal if it was not properly preserved at the trial level or unless the alleged error has been "deemed preserved" "by rule or law." N.C. R. App. P. 10(a)(1). Here subdivision (d)(18) states that an argument that "[t]he sentence imposed was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law" may be reviewed on appeal even without a specific objection before the trial court. This provision does not conflict with any specific provision in our appellate rules and operates as a "rule or law" under Rule 10(a)(1), which permits review of this issue.

A trial court's judgment ordering restitution "must be supported by evidence adduced at trial or at sentencing." *State v. Wilson,* 340 N.C. 720, 726, 459 S.E.2d 192, 196 (1995) (citations omitted). Issues at a sentencing hearing may be established by stipulation of counsel if that stipulation is " ' "definite and certain." ' " *State v. Alexander,* 359 N.C. 824, 828, 616 S.E.2d 914, 917 (2005) (quoting *State v. Powell,* 254 N.C. 231, 234, 118 S.E.2d 617, 619 (1961)(citations omitted), *superseded by statute,* Safe Roads Act of 1983, ch. 435, sec. 29, 1983 N.C. Sess. Laws 332, 354-60 (codified as amended at N.C.G.S. § 20-179(a) (2003)(as recognized in *State v. Denning,* 316 N.C. 523, 342 S.E.2d 855 (1986)).

Here we cannot agree with the State that defense counsel's statements quoted above amount to a definite and certain stipulation. There appeared to be some confusion over whether insurance payments had or had not been included in the restitution worksheets. We cannot be certain that defense counsel's statement was a stipulation

to the amount of the restitution or an affirmation that he was now clear on whether the insurance payments had been included on the worksheets. Moreover, we agree with defendant that the mere presentation of the worksheet by the prosecutor was not sufficient to support the award of restitution. *See, e.g., id.* at 827, 616 S.E.2d at 917 (stating that "a mere worksheet, standing alone, is insufficient to adequately establish a defendant's prior record level"). However, any error in the determination of restitution cannot be prejudicial to defendant because at the time the judgment is collected, defendant cannot be made to pay more than what is actually owed, that is, the amount actually due to the various entities that provided medical treatment to defendant's victims. Because defendant will pay the lesser of the actual amount owed or the amount ordered by the trial court, there is no prejudice to defendant. Accordingly, we reverse the decision of the Court of Appeals vacating the portion of the trial court's judgment ordering payment of restitution.

## Conclusion

For the foregoing reasons we reverse the decision of the Court of Appeals vacating defendant's convictions for felony serious injury by vehicle. Further, we hold that the trial court erred in ordering restitution, but find that the error was not prejudicial. Therefore, we reverse the Court of Appeal's decision vacating that portion of the judgment. We remand this case to the Court of Appeals for consideration of those issues not addressed in its initial opinion.

REVERSED AND REMANDED.