Judge DILLON
dissenting.
I do not agree with the majority that any error by the trial court in failing to instruct the jury on the lesser-included misdemeanor domestic violence protective order (“DVPO”) violation rose to the level of plain error; and, therefore, I respectfully dissent.
A person who knowingly violates a DVPO commits a misdemeanor, see N.C. Gen. Stat. § 50B-4.1(a) (2013); unless the person who violates the DVPO does so “while in the possession of a deadly weapon on or about his or her person or within close proximity to his or her person[,]” in which case that person is guilty of a felony. N.C. Gen. Stat. § 50B-4.1(g). As the majority correctly points out, the question is whether any error by the trial court in failing to instruct the jury on the lesser misdemeanor DVPO in the present case rose to the level of plain error; that is, whether the jury probably would have convicted Defendant of misdemeanor DVPO, thereby concluding that the State had failed to prove that the knife was a “deadly weapon.” State v. Lawrence, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012).
*422 The pocketknife, which Defendant brandished in the victim’s face and about her neck while choking her and threatening to kill her, had a blade which was described at trial as a “little duller than average.” I certainly believe it is possible that the jury could have determined that the knife was not a deadly weapon, and would have, therefore, convicted Defendant of only a misdemeanor DVPO violation had it been instructed on this lesser-included offense. However, I also believe that the evidence was sufficient to sustain the finding that the knife was, indeed, a deadly weapon. Accordingly, I cannot say that the jury “probably” would have convicted Defendant of a misdemeanor DVPO if given that option.
The majority argues that the failure to instruct on a misdemeanor DVPO violation had a “probable impact” because the jury’s verdict to convict on the felony DVPO violation was inconsistent with their decision to acquit Defendant of assault with a deadly weapon and AWDWIK, crimes which require a finding that Defendant possessed a deadly weapon. In explaining inconsistent verdicts, our Supreme Court has stated as follows:
[Inconsistent verdicts] should not necessarily be interpreted as a windfall to the Government at the defendant’s expense. It is equally possible that the jury, convinced of guilt, probably reached its conclusion on [one offense], and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the [other offense].
[[Image here]]
Inconsistent verdicts therefore present a situation where “error,” in the sense that the jury has not followed the court’s instructions, most certainly has occurred, but it is unclear whose ox has been gored. Given the uncertainty, and the fact that the Government is precluded from challenging the acquittal, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course.
State v. Mumford, 364 N.C. 394, 399-400, 699 S.E.2d 911, 915 (2010) (quoting United States v. Powell, 469 U.S. 57, 83 L. Ed. 2d 461 (1984)). Therefore, following our Supreme Court’s rationale in Mumford, I cannot say that, in the present case, it is probable the jury would have acquitted Defendant of a felony DVPO violation based on its acquittal of the assault charges. It is “equally possible” that the jury was convinced of Defendant’s guilt of the Chapter 50B charge, but that it reached an *423 inconsistent verdict on the Chapter 14 assault charges - assuming that the verdicts were, indeed, inconsistent[1]- through “mistake, compromise orlenity[.]” Id.

. It is possible that the juiy’s verdicts were not inconsistent. Specifically, whether a weapon is deadly in the context of the Chapter 14 assault crimes for which Defendant was acquitted might depend on the “circumstances of [the weapon’s] use,” State v. Lowe, 150 N.C. App. 682, 686, 564 S.E.2d 313, 316 (2002), whereas the Chapter 50B felony for which Defendant was convicted does not require that the defendant “use” the weapon at all, but only that he possessed it when he violated the DVPO. Accordingly, the jury may have determined that the knife was a deadly weapon, but that he did not use it in a manner which was likely to cause death.