BRYANT, Judge.
Where case precedent has established that a trial court did not abuse its discretion in denying a motion to set aside an inconsistent verdict, and where defendant cannot cite any case law in support of her argument on appeal, we affirm the ruling of the trial court.
A jury found defendant Christy Bradley Markham guilty of sale of morphine, a Schedule II controlled substance, upon evidence that she gave an undercover police officer twenty morphine pills in exchange for $200 on 6 March 2012. The same jury found defendant not guilty of possession with intent to sell or deliver morphine. The trial court suspended a prison sentence of nine to twenty months and placed defendant on thirty months of supervised probation. Defendant appeals.
_________________________
In her sole issue on appeal, defendant claims the trial court erred in denying her motion to set aside the jury's verdict as inconsistent with the evidence. Specifically, defendant argues that the two charges, of possession with intent to sell or deliver morphine and sale of morphine, presented the jury with an "all or nothing case, either guilty of both or not guilty." We disagree.
Although defendant challenges the perceived inconsistency between the two verdicts, defendant also acknowledges that her appeal is controlled by State v. Mumford,364 N.C. 394, 699 S.E.2d 911 (2010). In Mumford,our Supreme Court explained the distinction "between verdicts that are merely inconsistent and those which are legally inconsistent andcontradictory." Id.at 398, 699 S .E.2d at 914 (citations omitted). Inasmuch as the jury did not find defendant guilty of two mutually exclusive offenses, such as murder and accessory after the fact to the same murder, "this case presents nothing 'more than mere inconsistency,' [and] defendant is not entitled to relief." Id.at 401, 699 S.E.2d at 916 (quoting State v. Meshaw,246 N.C. 205, 207, 98 S.E.2d 13, 15 (1957), overruled in part on other grounds by State v. Speckman,326 N.C. 576, 580, 391 S.E.2d 165, 168 (1990) ). Moreover, we note that defendant has failed to cite any case law in support of her argument on appeal, in violation of N.C. R.App. P. 28 (2014) (issues for which no supporting case law is given will be deemed abandoned). Accordingly, defendant's argument is overruled.
NO ERROR.
Judges DIETZ and TYSON concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 29 May 2014 by Judge James W. Morgan in Lincoln County Superior Court. Heard in the Court of Appeals 1 June 2015.