STROUD, Judge.
A jury found defendant guilty of assault with a deadly weapon inflicting serious injury ("AWDWISI") and not guilty of assault on a female. Both charges arose from an incident on 15 December 2014 in which defendant struck the step-mother of his grandchildren with a .380 caliber pistol, knocking her unconscious and opening a gash on her forehead that required four stitches to close.
The trial court suspended a prison sentence of 20 to 36 months and placed defendant on supervised probation for 36 months. Defendant did not give notice of appeal at trial but returned to court four days later and gave oral notice. Counsel appointed to represent defendant on appeal has since filed a petition for writ of certiorari in this Court as an alternative basis for reviewing the judgment, in the event we find defendant's notice of appeal untimely. See N.C.R. App. P. 21(a)(1) (allowing review by writ of certiorari "when the right to prosecute an appeal has been lost by failure to take timely action").
"Compliance with the requirements for entry of notice of appeal is jurisdictional." State v. Oates, 366 N.C. 264, 266, 732 S.E.2d 571, 573 (2012). Under N.C.R. App. P. 4(a), a criminal defendant must either give "oral notice of appeal at trial" or file and serve written notice of appeal within fourteen days of judgment. "[B]ecause oral notice of appeal must be given at trial," defendant's attempt to give oral notice four days later "was legally ineffective." State v. Holanek, --- N.C. App. ----, ----, 776 S.E.2d 225, 231, disc. review denied, 368 N.C. 429, 778 S.E.2d 95 (2015), cert. denied, --- U.S. ----, 195 L.Ed. 2d 824 (2016). We dismiss his appeal. Id. at ----, 776 S.E.2d at 232. In our discretion, we allow his petition for writ of certiorari to review the trial court's judgment. Id. at ----, 776 S.E.2d at 232.
In his sole claim of error, defendant contends the jury's verdicts finding him guilty of AWDWISI but not guilty of assault on a female are "fatally inconsistent." A review of the trial transcript shows that defendant failed to preserve this issue for our review. Under our Rules of Appellate Procedure,
[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.
N.C. R. App. P. 10(a)(1). Defendant raised no objection to the trial court's entry of judgment on the jury's guilty verdict, nor did he assert an inconsistency between the two verdicts. Cf. State v. Mumford, 364 N.C. 394, 398, 699 S.E.2d 911, 914 (2010) ("Defendant argues that the Court of Appeals correctly concluded that the jury's conflicting verdicts regarding the felony serious injury by vehicle and driving while impaired charges are legally inconsistent and contradictory, which requires the convictions for the compound offenses of felony serious injury by vehicle to be vacated."). This silence amounts to a waiver under Rule 10(a)(1).
We further find no merit to defendant's claim. In Mumford, our Supreme Court explained the distinction "between verdicts that are merely inconsistent and those which are legally inconsistent and contradictory." Id. Here, the jury did not find defendant guilty of two mutually exclusive offenses, such as AWDWISI and accessory after the fact to the same AWDWISI. At most,[1] the verdicts reflect "nothing more than mere inconsistency." Id. at 401, 699 S.E.2d at 916 (citation and quotation marks omitted). Thus, defendant is not entitled to any relief.
NO ERROR.
Report per Rule 30(e).
Chief Judge McGEE and Judge DILLON concur.

Assault on a female includes essential elements not shared by AWDWISI, requiring a jury to find beyond a reasonable doubt that defendant was a male at least 18 years of age at the time of the assault and that his victim was female. State v. Herring, 322 N.C. 733, 743, 370 S.E.2d 363, 370 (1988). There is thus nothing inherently inconsistent in a jury finding defendant guilty of AWDWISI but not guilty of assault on a female.