MURPHY, Judge.
Pursuant to a plea agreement, Defendant pled guilty to eight charges in return for the State agreeing to consolidate the convictions into a single judgment with sentencing to be in the discretion of the trial court. Included among the consolidated convictions were larceny of a motor vehicle and possession of a stolen vehicle. A defendant, however, cannot be convicted of both larceny of a motor vehicle and possession of a stolen vehicle where the same property underlies both charges. We must remand for resentencing where we are unable to determine what weight, if any, the trial court gave the erroneous conviction in calculating the imposed sentence. Accordingly, we vacate Defendant's conviction of possession of a stolen vehicle and remand for resentencing.
BACKGROUND
On the morning of 10 July 2013, officers with the Durham Police Department responded to a report of a stolen vehicle owned by Valencia Church ("Church"). Tyree Williams ("Williams"), Church's boyfriend, informed officers that Church's gold Mercury Mountaineer was last seen in the driveway in the early morning hours; however, when Williams and Church woke up later that morning, the vehicle was no longer in the driveway. Williams then explained that he kept a spare set of keys to the Mountaineer in his Kia Optima that was also parked in the driveway. While officers were on the scene, Williams looked in his vehicle and discovered the keys had been stolen.
Officers began canvassing the area around Church's residence to search for the Mountaineer and subsequently learned that the vehicle was parked at C.R. Wood Park in Durham. As officers approached the parked Mountaineer to speak with its occupants, the vehicle sped off and the officers gave chase. The vehicle outran officers but collided with another vehicle after running a red light, causing the vehicle to flip on its side. When the officers responded to the collision, they learned that Defendant was driving the Mountaineer, with his girlfriend in the passenger seat.
Defendant was subsequently indicted for possession of a stolen vehicle, driving while license revoked, felonious fleeing to elude arrest with a motor vehicle, larceny of a motor vehicle, breaking or entering a motor vehicle, and misdemeanor larceny. Defendant was also indicted on attaining habitual felon status. In another case, the underlying facts of which are not relevant to this appeal, Defendant was indicted for breaking or entering a motor vehicle. Defendant pled guilty to all charges pursuant to a plea agreement with the State on 5 November 2014. Under the agreement, the State agreed to consolidate the offenses into a single judgment for a Class H felony, elevated to a Class D felony due to Defendant's habitual felon status. The State agreed to leave sentencing in the trial court's discretion, and the parties stipulated that Defendant was a Prior Record Level VI. The trial court sentenced Defendant to an active term at the top of the presumptive range of 128 to 166 months.
On 15 January 2015, Defendant filed a "Sua Sponte Writ of Certiorari Appeal Interlocutory," which the trial court treated as a motion for appropriate relief and denied. On 15 April 2015, Defendant filed a "Motion to Reconsider Denial of Notice of Appeal and Request for Evidentiary Hearing." The trial court again considered this a motion for appropriate relief and denied the motion. On 7 October 2015, the trial court withdrew its previous orders and directed that Defendant's case be considered on his motion to appeal the guilty plea entered on 5 November 2014. Defendant filed a petition for writ of certiorari which we granted on 30 August 2018.
ANALYSIS
Defendant's sole claim on appeal is that the trial court erred in imposing judgment upon guilty pleas to both larceny of a motor vehicle and possession of the motor vehicle stolen during that larceny. We agree.
Our Supreme Court has made clear that "the Legislature did not intend to punish an individual for larceny of property and the possession of the same property which he stole." State v. Perry , 305 N.C. 225, 235, 287 S.E.2d 810, 816 (1982), overruled on other grounds , State v. Mumford , 364 N.C. 394, 699 S.E.2d 911 (2010). The State does not dispute that the property, the Mercury Mountaineer, underlying the conviction of larceny of a motor vehicle was the same property underlying the conviction of possession of a stolen vehicle. The trial court erred in imposing judgment on both larceny of a motor vehicle and possession of a stolen vehicle convictions. Accordingly, we vacate Defendant's conviction for possession of a stolen vehicle. See State v. Stroud , --- N.C. App. ----, ----, 797 S.E.2d 34, 46 (2017) (noting that we vacate a possession of stolen goods conviction when a defendant is erroneously convicted of both larceny and possession of the same stolen property).
In State v. Hardy , 242 N.C. App. 146, 774 S.E.2d 410 (2015), we addressed situations where an erroneous conviction is included in a consolidated judgment:
When the trial court consolidates multiple convictions into a single judgment but one of the convictions was entered in error, the proper remedy is to remand for resentencing when the appellate courts are unable to determine what weight, if any, the trial court gave each of the separate convictions in calculating the sentences imposed upon the defendant.
Id. at 160, 774 S.E.2d at 420 (citation, ellipsis, and internal quotation marks omitted).
Upon review of the record before us, we are unable to determine what weight, if any, the trial court gave to the additional conviction of possession of a stolen vehicle in sentencing Defendant to an active term at the top of the presumptive range. The State is similarly unable to point us to anything in the record that would indicate the weight given to this charge by the trial court. Rather, the State argues, even with the possession of a stolen vehicle conviction vacated, the trial court would still have been sentencing Defendant on two class D felonies, two Class E felonies, and two misdemeanors, with no mitigating factors. The State claims this indicates that "[t]here is no reasonable possibility that the trial court would have imposed a less severe sentence" absent the possession of a stolen vehicle conviction. However, our sole inquiry under Hardy is whether we are able to determine the weight given by the trial court to the erroneous conviction in calculating Defendant's sentence. The number of convictions to be sentenced upon, the absence of a finding of mitigating factors, and the trial court's decision to sentence at the top of the range do not provide clarity as to the individual weight the trial court gave the possession of a stolen vehicle conviction. Nor do these factual circumstances indicate on their face that the trial court gave the possession of a stolen vehicle conviction no weight in its calculation of Defendant's sentence. As we are unable to determine the weight given to the possession of a stolen vehicle conviction, we must remand for resentencing.
CONCLUSION
The trial court erroneously entered judgment upon guilty pleas to both larceny of a motor vehicle and possession of a stolen motor vehicle, as the property underlying the possession conviction was the same property stolen by Defendant. Accordingly, we vacate the possession of a stolen vehicle conviction and remand for resentencing.
VACATED IN PART; REMANDED FOR RESENTENCING.
Report per Rule 30(e).
Judges STROUD and ZACHARY concur.