IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-369

Filed 16 May 2023

Union County, Nos. 18 CRS 56328, 19 CRS 313

STATE OF NORTH CAROLINA

v.

ORIENTIA JAMES WHITE

Appeal by defendant from judgments entered 26 August 2021 by Judge Jonathan Wade Perry in Union County Superior Court. Heard in the Court of Appeals 21 February 2023.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Wendy J. Lindberg, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Nicholas C. Woomer-Deters, for defendant-appellant.*

ZACHARY, Judge.

Defendant Orentia[1] James White appeals from judgments entered upon a jury's verdicts finding him guilty of felony larceny; conspiracy to commit felony larceny; and obtaining property by false pretenses; and upon his guilty plea to having attained habitual felon status. After careful review, we conclude that Defendant received a fair trial, free from error.

---

[1] The judgments appealed from spell Defendant's name as "Orientia" but the record reflects that Defendant's name is spelled "Orentia."

## I.    Background

On 17 December 2018, when they arrived for work at approximately 7:00 a.m., employees of the Walmart in Monroe discovered that a locked display case in the electronics department had been opened and nearly emptied. The display case, which was usually filled to its capacity with Beats and Apple merchandise, was later determined to be missing 70 items worth a total of $9,898.80.

Walmart management contacted the Monroe Police Department and instructed the store's asset protection department "to conduct video surveillance to find out what happened[.]" Meanwhile, an employee found a Beats speaker on the floor in the crafts department, the section of the store adjacent to the electronics department. There, the employee also discovered a car seat out of its box, which "was unusual because [Walmart] cannot sell car seats out of the box."

Surveillance footage captured between 1:03 and 1:48 a.m. showed the actions of three suspects: two men—one of whom would later be identified as Defendant— and a woman.[2] The three individuals entered the store and the two men headed to the electronics department. The unidentified female suspect approached the two male suspects pushing a shopping cart that contained a plastic storage bin and a child's car seat box. The two unidentified suspects pushed the shopping cart past the Beats display case and turned into the adjacent aisle, where they removed the car seat box

---

[2] The two other suspects appear not to have subsequently been identified or charged.

from the shopping cart and placed it out of the camera's view. Defendant followed behind them, stopping at the display case. As Defendant perused the display case, the two unidentified suspects pushed the shopping cart—now containing only the plastic storage bin without the car seat box—and walked away. About a minute later, the unidentified male suspect joined Defendant at the display case; Defendant had his back to the camera, obscuring his actions at the display case. The two men then moved away from the display case, and Defendant walked alone up the aisle where the car seat box had been placed. Over the next few minutes, the suspects appeared to browse as lone shoppers, periodically disappearing from the surveillance footage and reappearing soon thereafter.

The unidentified female suspect reappeared with the shopping cart containing the plastic storage bin, and pushed it up to the display case. She placed the plastic bin on the ground in front of the display case and emptied its merchandise into the plastic bin while Defendant browsed in the adjacent aisle. She then pushed the plastic bin up the adjacent aisle, where she met Defendant, who crouched down next to her. The female suspect then returned to the now-empty shopping cart and pushed it out of the camera's view while Defendant remained crouching near the plastic bin in the adjacent aisle. After a few minutes, the female suspect reappeared, pushing the empty shopping cart up to Defendant, who placed the car seat box in the shopping cart before the female suspect pushed the cart away. Defendant walked up the other end of the aisle and followed after her on his own.

A few minutes later, another surveillance camera captured the female suspect approaching an exit door, pushing the shopping cart containing the car seat box. However, due to the early morning hour, the door did not open, so she pushed the cart away from the door. A few minutes later, another surveillance camera recorded the three suspects apparently purchasing the car seat at a self-checkout kiosk. Cameras in the parking lot captured the three suspects exiting the store, loading the car seat box into a vehicle in the parking lot, and driving off together.

On 8 April 2019, a Union County grand jury returned true bills of indictment charging Defendant with one count each of felony larceny, conspiracy to commit felony larceny, obtaining property by false pretenses, and having attained habitual felon status. The grand jury returned superseding indictments on the same charges on 4 November 2019.

On 23 August 2021, the matter came on for trial in Union County Superior Court. At the close of the State's evidence, Defendant moved to dismiss the charges against him, which the trial court denied. Defendant did not present any evidence, and he renewed his motion to dismiss at the close of all evidence. The trial court again denied Defendant's motion to dismiss.

The trial court instructed the jury on the offenses of felony larceny, conspiracy to commit felony larceny, and obtaining property by false pretenses. The jury returned guilty verdicts for all three offenses. Thereafter, Defendant pleaded guilty to attaining the status of habitual felon.

The trial court entered two judgments, sentencing Defendant as a habitual felon in the mitigated range to two consecutive terms of 75 to 102 months in the custody of the North Carolina Division of Adult Correction, and ordering that court costs and restitution of $9,898.80 to Walmart be entered as a civil judgment. Defendant gave oral notice of appeal.

## II. Discussion

Defendant argues that the trial court erred by denying his motion to dismiss because there was insufficient evidence to support the charges of both felony larceny and obtaining property by false pretenses. Alternatively, in the event that this Court finds that his motion to dismiss argument was not preserved for appellate review, Defendant argues that the trial court erred by instructing the jury on both the charge of felony larceny and the charge of obtaining property by false pretenses.

### A. Preservation

"Rule 10(a)(3) of the North Carolina Rules of Appellate Procedure provides that, in a criminal case, to preserve an issue concerning the sufficiency of the State's evidence, the defendant must make a motion to dismiss the action at trial." *State v. Golder*, 374 N.C. 238, 245, 839 S.E.2d 782, 787 (2020) (citation and internal quotation marks omitted); N.C.R. App. P. 10(a)(3). Our Supreme Court recently held that "Rule 10(a)(3) does not require that the defendant assert a specific ground for a motion to dismiss for insufficiency of the evidence." *Golder*, 374 N.C. at 245–46, 839 S.E.2d at 788. Accordingly, "a defendant preserves all insufficiency of the evidence issues for

appellate review simply by making a motion to dismiss the action at the proper time." *Id.* at 246, 839 S.E.2d at 788.

In the case at bar, Defendant moved to dismiss all charges at the close of the State's evidence, and he renewed his motion to dismiss at the close of all evidence. Accordingly, Defendant properly preserved this issue, and we need not address his alternative argument. *See id.*

**B. Standard of Review**

Our standard of review of a trial court's denial of a motion to dismiss is well established:

> In ruling on a motion to dismiss, the trial court need determine only whether there is substantial evidence of each essential element of the crime and that the defendant is the perpetrator. Substantial evidence is the amount necessary to persuade a rational juror to accept a conclusion. In evaluating the sufficiency of the evidence to support a criminal conviction, the evidence must be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom. In other words, if the record developed at trial contains substantial evidence, whether direct or circumstantial, or a combination, to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied. Whether the State presented substantial evidence of each essential element of the offense is a question of law; therefore, we review the denial of a motion to dismiss de novo.

*State v. Blagg*, 377 N.C. 482, 487–88, 858 S.E.2d 268, 273 (2021) (citation omitted).

**C. Analysis**

Defendant argues that the trial court should have dismissed either the charge of felony larceny or the charge of obtaining property by false pretenses under the "single taking rule." "The 'single taking rule' prevents a defendant from being charged or convicted multiple times for a single continuous act or transaction." *State v. Buchanan*, 262 N.C. App. 303, 306, 821 S.E.2d 890, 892 (2018). "[A] single larceny offense is committed when, as part of one continuous act or transaction, a perpetrator steals several items at the same time and place." *State v. Adams*, 331 N.C. 317, 333, 416 S.E.2d 380, 389 (1992) (citation omitted). The "single taking rule" also applies to indictments charging the offense of obtaining property by false pretenses. *Buchanan*, 262 N.C. App. at 306, 821 S.E.2d at 892.

In *Adams*, for example, the defendant was charged with both felonious larceny of a firearm and felonious larceny of property stolen pursuant to a breaking or entering. 331 N.C. at 332, 416 S.E.2d at 388. The evidence at trial tended to show that the firearm that was the subject of the first larceny charge was among the property that was the subject of the second larceny charge. *Id.* Our Supreme Court concluded that the "defendant was improperly convicted and sentenced for both larceny of a firearm and felonious larceny of that same firearm pursuant to a breaking or entering." *Id.* at 333, 416 S.E.2d at 389.

However, in each of the cases upon which Defendant relies, including *Adams*, the defendant was charged with *either* larceny offenses *or* obtaining property by false pretenses, but not both. *See id.*; *see also State v. Posner*, 277 N.C. App. 117, 120, 857

S.E.2d 870, 873 (2021) (one count of felony larceny of property pursuant to a breaking or entering and one count of felony larceny of a firearm); *Buchanan*, 262 N.C. App. at 308, 821 S.E.2d at 893 (two counts of obtaining property by false pretenses); *State v. Boykin*, 78 N.C. App. 572, 577, 337 S.E.2d 678, 682 (1985) (three counts of larceny of firearms and one count of felony larceny). Unlike those cases, in the case before us Defendant was charged with both larceny *and* obtaining property by false pretenses.

This Court has recognized that "the crimes of larceny and obtaining property by false pretenses . . . are separate and distinguishable offenses." *State v. Kelly*, 75 N.C. App. 461, 463, 331 S.E.2d 227, 229 (1985). "The essential elements of larceny are that the defendant (1) took the property of another; (2) carried it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of his property permanently." *State v. Campbell*, 373 N.C. 216, 221, 835 S.E.2d 844, 848 (2019) (citation and internal quotation marks omitted). By contrast, obtaining property by false pretenses comprises the following elements: "(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another." *State v. Pierce*, 279 N.C. App. 494, 499, 865 S.E.2d 335, 339 (2021) (citation omitted). "A key element of obtaining property by false pretenses is that an intentionally false and deceptive representation of a fact or event has been made." *Kelly*, 75 N.C. App. at 464, 331 S.E.2d at 230. This reveals a significant distinction between the two offenses: "A false and deceptive

representation is not an element of larceny." *Id.*

Here, Defendant made such a "false and deceptive representation of a fact": he represented to Walmart[3] that he was purchasing a car seat for $89.00, rather than $9,898.80 worth of misappropriated merchandise secreted inside the car seat's box. As the State persuasively argues in its appellate brief, had Defendant and his co-conspirators attempted to take the merchandise and carried it out of the store without involving the car seat box, under the "single taking" rule "the proper charges would have been one count of felony larceny and one count of conspiracy to commit felony larceny, not 70[.]"

However, as the State correctly observes, Defendant and his co-conspirators committed the separate and distinguishable offense of obtaining property by false pretenses "by removing an infant car seat from its box, loading that box with the stolen [merchandise], and taking that box to the checkout counter, where they paid the value for an infant car seat knowing that it was not the value of the items inside the box." By selecting a large box and removing its original contents, Defendant and his co-conspirators were able to represent to Walmart that they were purchasing an item worth less than one percent of the actual value of the merchandise it contained. As the State notes: "Defendant's actions by paying the value for a box that represented an $89.00 item knowing there were multiple, more valuable items inside

---

[3] For the purposes of N.C. Gen. Stat. § 14-100, the term "person" includes a "corporation." N.C. Gen. Stat. § 14-100(c) (2021).

the box at the time was conduct sufficient to support a false representation being made." We agree with the State's contention that it "provided substantial evidence of every element of *both* crimes" of felony larceny and obtaining property by false pretenses.

Defendant further argues that N.C. Gen. Stat. § 14-100 prohibited the trial court "from submitting felony larceny and obtaining property by false pretenses as two separate counts for the jury to consider independently and return two separate verdicts on." For support, Defendant points to the portion of § 14-100(a) that provides:

> [I]f, on the trial of anyone indicted for [obtaining property by false pretenses], it shall be proved that he obtained the property in such manner as to amount to larceny or embezzlement, the jury shall have submitted to them such other felony proved; and no person tried for such felony shall be liable to be afterwards prosecuted for larceny or embezzlement upon the same facts.

N.C. Gen. Stat. § 14-100(a) (2021).

Our Supreme Court has interpreted this provision with respect to embezzlement, holding:

> Where . . . there is substantial evidence tending to support both embezzlement and false pretenses arising from the same transaction, the State is not required to elect between the offenses. Indeed, if the evidence at trial conflicts, and some of it tends to show false pretenses but other evidence tends to show that the same transaction amounted to embezzlement, the trial court should submit both charges for the jury's consideration. In doing so, however, the trial court must instruct the jury that it may convict the defendant only of one of the offenses or the other, but not of both. If, on the other hand, the evidence at trial tends

> only to show embezzlement or tends only to show false pretenses, the trial court must submit only the charge supported by evidence for the jury's consideration.

*State v. Speckman*, 326 N.C. 576, 579, 391 S.E.2d 165, 167 (1990).

Defendant posits that because N.C. Gen. Stat. § 14-100(a) "applies equally to 'larceny or embezzlement,' the *Speckman* discussion is equally relevant in the larceny context." Accordingly, Defendant contends that, "[a]t most, the trial court in this case was authorized under *Speckman* to submit felony larceny and obtaining property by false pretenses as mutually exclusive options for the jury to return a verdict on." We disagree.

Defendant overlooks a critical principle underlying the *Speckman* Court's reasoning: the crimes of embezzlement and obtaining property by false pretenses are mutually exclusive. As the *Speckman* Court explained, in order "to constitute embezzlement, the property in question initially *must be acquired lawfully*, pursuant to a trust relationship, and then wrongfully converted"; in order to constitute false pretenses, however, "the property *must be acquired unlawfully* at the outset, pursuant to a false representation." *Id.* at 578, 391 S.E.2d at 166–67 (emphases added). Because "property cannot be obtained simultaneously pursuant to both lawful and unlawful means, guilt of either embezzlement or false pretenses necessarily excludes guilt of the other." *Id.* at 578, 391 S.E.2d at 167. This mutual exclusivity was the basis for the *Speckman* Court's holding that "a defendant may not be convicted of both embezzlement and false pretenses arising from the same act or transaction[.]"

- 11 -

*Id.*

By contrast, the crimes of larceny and obtaining property by false pretenses are not mutually exclusive. As previously discussed, "the crimes of larceny and obtaining property by false pretenses . . . are separate and distinguishable offenses." *Kelly*, 75 N.C. App. at 463, 331 S.E.2d at 229. Accordingly, Defendant is incorrect to assert that *Speckman* "is equally relevant in the larceny context." As we previously explained: "A false and deceptive representation is not an element of larceny." *Kelly*, 75 N.C. App. at 464, 331 S.E.2d at 230.

In the larceny indictment, the State alleged that Defendant did "steal, take and carry away a quantity of headphones and an I-Pod, without the consent of the possessor and knowing that he was not entitled to it, with the intent to deprive the possessor of its use permanently[.]" And in the indictment for obtaining property by false pretenses, the State alleged that Defendant obtained "a quantity of headphones and an I-Pod" by the following false and intentionally deceptive scheme:

> [D]efendant took a car seat out of [its] box while in Wal-Mart. . . . [D]efendant placed a quantity of headphones and an I-Pod in the empty car seat box. . . . [D]efendant then rang up and paid for the car seat box knowing a car seat was not in the box and he never paid for the quantity of headphones and I-Pod that were actually in the box. *This was a false representation of a material fact which was intended to deceive, and which did in fact deceive.*

(Emphasis added).

The offenses of larceny and obtaining property by false pretenses are not

mutually exclusive, neither in their elements, as explained above, nor as alleged in the instant indictments. Furthermore, as previously discussed, viewed in the light most favorable to the State, we conclude that the State presented "substantial evidence of each essential element of [each] crime and that [D]efendant is the perpetrator." *Blagg*, 377 N.C. at 487, 858 S.E.2d at 273 (citation omitted). Accordingly, the trial court did not err in denying Defendant's motion to dismiss, or in submitting both offenses to the jury "to consider independently and return two separate verdicts on."

## III.    Conclusion

For the foregoing reasons, we conclude that Defendant received a fair trial, free from error.

NO ERROR.

Judges FLOOD and RIGGS concur.