STATE OF NORTH CAROLINA v. JAMES CONRAD RAWLINS, JR., Defendant

No. COA03-1042

(Filed 7 September 2004)

**1. Credit Card Crimes— financial transaction card theft—no variance with proof**

There was not a fatal variance between the indictment and the proof where defendant's indictment for unlawfully using another's credit cards included the allegation that he received the

cards with the intent to use, sell and transfer them to another person, but the State did not present evidence that defendant transferred the cards to another person. There is not a fatal variance where an indictment charges the entire statute conjunctively and the State offers evidence supporting only one of the means by which the crime may have been committed.

## 2. Credit Card Crimes— single taking rule—not applicable

The "single taking" rule of common-law larceny (by which several items stolen in one act is a single offense) does not apply to financial transaction card theft. The statutory language is clear: taking, obtaining, or withholding a single card gives rise to a single count of financial transaction card theft. Therefore, two charges of financial transaction card theft were not duplicative where two different cards were obtained or withheld from the same person.

## 3. False Pretense— use of stolen credit cards—distinct transactions

Three indictments for obtaining property by false pretenses were not duplicative where they arose from one incident at one store involving the use of stolen credit cards. There were three distinct transactions separated by several minutes in which different cards were used.

## 4. Criminal Law— instructions—prima facie evidence

The trial court's instruction on prima facie evidence, considered as a whole, did not shift the burden of proof to a defendant charged with financial transaction card theft.

## 5. Sentencing— habitual felon—predicate conviction—possession of cocaine—felony

A conviction for obtaining habitual felon status was not erroneous where it was based in part on a conviction for possession of cocaine, which is defined as a misdemeanor punishable as a felony. That statute has been construed as making possession of cocaine a felony.

Appeal by defendant from judgment entered 10 December 2002 by Judge Donald W. Stephens in Superior Court, Wake County. Heard in the Court of Appeals 15 June 2004.

STATE v. RAWLINS

[166 N.C. App. 160 (2004)]

*Attorney General Roy Cooper, by Assistant Attorney General Robert K. Smith, for the State.*

*Brian Michael Aus for the defendant-appellant.*

WYNN, Judge.

Defendant, James Conrad Rawlings, Jr., argues (1) there was a fatal variance between the indictment allegations and the evidence presented at trial; (2) several duplicative indictments should have been dismissed; (3) the trial court erroneously instructed the jury as to the meaning of 'prima facie evidence; and (4) the habitual felon indictment was invalid. After careful review, we conclude no error was committed in the trial below.

The evidence tended to show that in June 2002 Angela Davenport's and C. Whitfield Gibson's credit cards were used without authorization at a Wal-Mart store in Raleigh, North Carolina. Davenport testified that on 7 June 2002 she discovered two credit cards were missing and reported them as stolen. On the same date, Gibson was notified that unauthorized purchases on and attempted uses of his credit card had occurred at a Wal-Mart store in Raleigh. Both individuals testified they had not authorized anyone to use their credit cards.

Stephanie Campbell was a cashier in the Wal-Mart photo lab on 7 June 2002. She indicated that Defendant, whom she had briefly dated, came to her register accompanied by a man whom she did not know. Defendant, in three separate transactions, purchased the following from Campbell:

(1) a HP Computer for $711.46 with Gibson's credit card,

(2) a George Foreman Grill for $63.73 with Davenport's credit card,

(3) a Sony Camcorder for $316.01 with Gibson's credit card.

Campbell testified that Defendant would swipe several cards until each transaction was successfully processed as some of the credit cards were not accepted by her register. She believed the credit cards belonged to Defendant's business partners. Campbell identified Defendant as the individual depicted on Wal-Mart's security videotape.

Defendant was indicted and convicted of three counts of obtaining property by false pretenses, three counts of financial transaction

card theft, and of attaining habitual felon status and received a consolidated sentence in the presumptive range of a minimum of 96 months and a maximum of 125 months. Defendant appeals.

[1] Defendant contends there was a fatal variance between the indictment and the evidence offered at trial because the State failed to sufficiently prove he possessed three credit cards with the intent to use, sell *and* transfer them. We disagree.

The indictments stated in pertinent part:

The jurors for the State upon their oath present that on or about the 7th day of June, 2002, in Wake County the defendant named above unlawfully, willfully and feloniously did take, obtain or withhold a financial transaction card from the person, possession, custody and control of Amanda Davenport, the cardholder whose named on the face of the card and to whom the card # [omitted] had been issued by Providian Visa, without the cardholder's consent and with the intent to use it and with knowledge that the card had been so taken obtained and withheld, did receive the financial transaction card with the intent to use, sell *and* transfer it to another person. This act was done in violation of G.S. 14-113.9(a)(1).

(emphasis supplied). Defendant argues the State was required to prove beyond a reasonable doubt that he possessed three credit cards with intent to use, sell and transfer them. As the State did not present any evidence that Defendant intended to or did in fact transfer the credit cards to another person, Defendant contends a fatal variance exists between the indictment and the evidence.

"Where an indictment sets forth conjunctively two means by which the crime charged may have been committed, there is no fatal variance between indictment and proof when the state offers evidence supporting only one of the means charged." *State v. Gray*, 292 N.C. 270, 293, 233 S.E.2d 905, 920 (1977). N.C. Gen. Stat. § 14-113.9(a)(1)[1] may

---

1. The statute provides:

A person is guilty of financial transaction card theft when:

(1) He takes, obtains, or withholds a financial transaction card from the person, possession, custody or control of another without the cardholder's consent and with the intent to use it; or who, with knowledge that it has been so taken, obtained or withheld, receives the financial transaction card with intent to use it or to sell it, or to transfer it to a person other than the issuer or the cardholder.

be violated in four ways: one may (1) take, (2) obtain or (3) withhold a financial transaction card from the person, possession, custody or control of another without the cardholder's consent and with the intent to use it; or one may (4) receive a financial transaction card with intent to use it or sell it or transfer it to a person other than the issuer or cardholder, knowing at the time that the card has been so taken, obtained or withheld, i.e., knowing at the time he received it that another person had taken, obtained or withheld the card from the person, possession, custody or control of another without the cardholder's consent and with the intent to use it.

*State v. Brunson*, 51 N.C. App. 413, 416, 276 S.E.2d 455, 457-58 (1981). As stated by our Supreme Court,

the general rule is well settled that an indictment or information must not charge a party disjunctively or alternatively in such manner as to leave it uncertain what is relied on as the accusation against him. Two offenses cannot be alleged alternatively in the same count. As a general rule, where a statute specifies several means or ways in which an offense may be committed in the alternative, it is bad pleading to allege such means or ways in the alternative. Where a statute makes it an offense to do this or that or the other, mentioning several things disjunctively, the whole may be charged conjunctively, and the defendant may be found guilty of either one, and it is generally held to be fatal to charge disjunctively in the words of the statute.

*State v. Williams*, 210 N.C. 159, 161, 185 S.E. 661, 662 (1936) (citations omitted). Thus, we conclude a fatal variance between the indictment and the proof did not exist in this case.

[2] Defendant also argues one of the financial transaction card theft indictments and two of the obtaining property by false pretenses indictments should have been dismissed as they were duplicative of the charges alleged in the other indictments.

We first note that Defendant did not properly preserve this argument for appellate review as he neither moved to dismiss the indictments nor presented this argument to the trial court. *See* N.C. R. App. P. 10(b)(1); *State v. Call*, 353 N.C. 400, 426, 545 S.E.2d 190, 206-07 (2001). However, pursuant to our discretion under N.C. R. App. P. 2, we will review this argument.

Defendant was indicted on three counts of financial transaction card theft, with two indictments referencing two different cards belonging to Davenport. Under N.C. Gen. Stat. § 14-113.9, a person is guilty of financial transaction card theft when:

> (1) He takes, obtains, or withholds a financial transaction card from the person, possession, custody or control of another without the cardholder's consent and with the intent to use it; or who, with knowledge that it has been so taken, obtained or withheld, receives the financial transaction card with intent to use it or to sell it, or to transfer it to a person other than the issuer or the cardholder.

In this case, the facts do not indicate the circumstances under which Davenport and her two Visa cards parted her company. Indeed, the record does not demonstrate that Defendant took Davenport's cards. Davenport testified she noticed they were missing on 7 June 2002, and that by the time she reported them missing, one had been used at Wal-Mart. Davenport testified she did not know Defendant and could not identify him in court. Given these facts, the jury could only have convicted Defendant of financial transaction card theft on theories that Defendant either "obtained" or "withheld" the cards at issue, alternative means of violating N.C. Gen. Stat. § 14-113.9(a)(1).

Defendant contends that the "single taking" rule applicable in common-law larceny cases should be applicable to financial transaction card theft.[2] However, the language of the financial transaction card theft statute is clear and unambiguous: "A person is guilty of financial transaction card theft when he takes, obtains or withholds a financial transaction card from the person, possession, custody or control of another without the cardholder's consent and with the intent to use it." N.C. Gen. Stat. § 14-113.9(a)(1). Significantly, the statute explicitly uses the word "a" and references "card" in the singular. Thus, the taking, obtaining or withholding of a single card— without the cardholder's consent and with the intent to use that card—could give rise to a single count of financial transaction card theft in violation of the statute. Accordingly, the single taking rule does not apply to financial transaction card theft.

[3] Defendant also argues the three obtaining property by false pretenses indictments were duplicative. Although the same entity, Wal-

---

2. Under the "single taking" rule, "when a perpetrator steals several items at the same time and place as part of one continuous act or transaction, a single offense is committed. *State v. Adams*, 331 N.C. 317, 333, 416 S.E.2d 380, 389 (1992).

Mart, was deceived in this case, the facts indicate three distinct transactions occurred. According to State's Exhibits 1, 2, and 3, the following transactions occurred:

(1) The HP Computer was purchased at 9:10 with Gibson's credit card after the person attempted to use two other credit cards unsuccessfully;

(2) After another customer was assisted, a George Foreman Grill was purchased at 9:17 with one of Davenport's credit cards;

(3) Ten minutes later, a Sony Camcorder was purchased at 9:27 with Gibson's credit card after the person attempted to use three other credit cards unsuccessfully.

To be found guilty of obtaining property by false pretenses, the following elements must be established: "1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another." *State v. Walston*, 140 N.C. App. 327, 332, 536 S.E.2d 630, 633 (2000). In this case, there were three distinct transactions separated by several minutes in which different credit cards were used. Thus, we conclude the indictments were not duplicative.

[4] Defendant next challenges the trial court's jury instructions in which the term 'prima facie evidence' was defined. In the original jury instruction, the trial court incorporated N.C. Gen. Stat. § 14-113.10 which states:

When a person has in his possession or under his control financial transaction cards issued in the names of two or more other persons other than members of his immediate family, such possession shall be prima facie evidence that such financial transaction cards have been obtained in violation of G.S. 14-113.9(a).

During deliberations, the jury asked the trial court for a copy of N.C. Gen. Stat. § 14-113.10. In addition to reading and providing the jury with a copy of the statute, the trial court rendered the following instruction:

Black's Law Dictionary indicates that prima facie means a fact presumed to be true unless disproved by some evidence to the contrary. Prima facie evidence is evidence which if unexplained or uncontradicted is sufficient to establish a fact.

However, our Supreme Court has held 'prima facie evidence' means evidence sufficient to justify, but not compel, an inference by which a jury may, but need not, find a presumed fact. *See State v. Williams*, 288 N.C. 680, 220 S.E.2d 558 (1975) (stating "presumptions and inferences may arise upon proof of another fact or combination of facts [and] . . . include: (2) a prima facie case or an inference may arise upon proof of the basic facts by which the jury may (but need not) find the presumed fact"); *Home Finance Co. v. O'Daniel*, 237 N.C. 286, 291, 74 S.E.2d 717, 721 (1953) (discussing 'prima facie evidence'). Although the trial court did not state that proof of the facts mentioned in N.C. Gen. Stat. § 14-113.10 permits the jury to draw an inference that financial transaction card theft has occurred, we conclude the jury instruction was neither erroneous nor prejudicial.

"When analyzing jury instructions, we must read the trial court's charge as a whole. We construe the jury charge contextually and will not hold a portion of the charge prejudicial if the charge as a whole is correct. If the charge presents the law fairly and clearly to the jury, the fact that some expressions, standing alone, might be considered erroneous will afford no ground for reversal." *State v. Fowler,* 353 N.C. 599, 624, 548 S.E.2d 684, 701 (2001) (citations omitted).

Defendant does not challenge the constitutionality of the statutory presumption; rather, Defendant contends the trial court's definition of 'prima facie evidence,' which was neither based in statute nor case law, erroneously shifted the burden of proof to Defendant. However, construing the entire instruction as a whole, we conclude the trial court's instruction was not erroneous. First, in the re-instruction, the trial court instructed the jury three times that the State had to prove the elements of the charges and the elements of the statutory presumption beyond a reasonable doubt. In pertinent part, after reading N.C. Gen. Stat. § 14-113.10, the trial court stated: "So please understand that for this statute to apply, the State would have to prove beyond a reasonable doubt those facts necessary for it to be implicated." Thereafter, the trial court defined 'prima facie' and 'prima facie evidence' as follows:

> Black's Law Dictionary indicates that prima facie means a fact presumed to be true unless disproved by some evidence to the contrary. Prima facie evidence is evidence which if unexplained or uncontradicted is sufficient to establish a fact.

As explained by our Supreme Court:

> If the words of instruction describe an inference which must be drawn upon the proof of basic facts, then the presumption is mandatory in nature. Mandatory presumptions which conclusively prejudge the existence of an elemental issue or actually shift to defendant the burden to disprove the existence of an elemental fact violate the Due Process Clause. Mandatory presumptions which merely require defendant to come forward with some evidence (or take advantage of evidence already offered by the prosecution) to rebut the connection between the basic and elemental facts do not violate the Due Process Clause so long as in the presence of rebutting evidence (1) the mandatory presumption disappears, leaving only a mere permissive inference, and (2) the other requirements for permissive inferences . . . are met. Mandatory presumptions which require defendant to come forward with a quantum of evidence significantly greater than "some evidence" may run afoul of due process by shifting the burden of persuasion to defendant. In the absence of any rebutting evidence, however, no issue is raised as to the nonexistence of the elemental facts and the jury may be directed to find the elemental facts if it finds the basic facts to exist beyond a reasonable doubt. A mandatory presumption is generally examined on its face; its validity depends ultimately upon its hypothetical accuracy in the general run of cases in which it might be applied. Finally, if the prosecution relies solely upon a presumption, whether mandatory or permissive, to make out its case, then the rational connection between the basic and elemental facts must be such that a jury could infer the existence of the elemental facts beyond a reasonable doubt.

*State v. White*, 300 N.C. 494, 268 S.E.2d 481, 489-90 (1980). In defining 'prima facie' and 'prima facie evidence,' the trial court indicated that a fact was presumed to be true or the evidence was sufficient to establish a fact unless it was explained, contradicted, or disproved by some evidence to the contrary. Thus, we conclude that the definition of 'prima facie' and 'prima facie evidence' did not shift the burden to Defendant.

[5] Finally, Defendant argues that his conviction on obtaining the status of habitual felon should be vacated because one of the underlying charges supporting that charge, possession of cocaine, is defined by statute to be a misdemeanor. However, in *State v. Jones*, 358 N.C. 473, —— S.E.2d —— (2004) our Supreme Court recently

found the statutory language in defining possession of cocaine as a misdemeanor to be ambiguous in light of further statutory language indicating that possession of cocaine shall be "punishable as a felony." *Id.* at 478, —— S.E. 2d at —— (stating "Defendant's interpretation of section 90-95(d) (20 evinces, at best, an ambiguity in the General Assembly's use of the phrase 'punishable as a felony,' thus making the statute susceptible to more than one interpretation"). Thereafter, our Supreme Court construed the ambiguous language under the statute in favor of the State's contention that the legislature intended to make possession of cocaine a felony. *Id.* at 479, —— S.E.2d at —— (stating "Our interpretation of N.C.G.S. § 90-95(d) (2) is not only supported by the statute's language and phrasing but also accords with the statute's legislative history"). Accordingly, we must reject Defendant's assignment of error.

No error.

Judges CALABRIA and LEVINSON concur.