DILLON, Judge.
 

 *784
 
 William Jesse Buchanan ("Defendant") appeals from his convictions on two counts of obtaining property by false pretenses.
 

 I. Background
 

 In 2015, Defendant filed a criminal complaint with the sheriff's office against his girlfriend for check fraud, alleging that his girlfriend had fraudulently signed and cashed three checks drawn on his account without his knowledge or permission. The checks were in the amounts of $600, $200 and $100.
 

 *368
 
 After filing the charges, Defendant went to his bank and completed a "Check Fraud/Forgery Affidavit," listing all three disputed checks. Following Defendant's completion of the affidavit, the bank informed Defendant that it would place a six-hundred dollar ($600) provisional credit in his bank account based on the $600 check. The bank, though, informed Defendant that it would not provide a provisional credit for the $200 or $100 checks at that time. There is no evidence that Defendant ever attempted to withdraw, spend, or otherwise access the $600 provisional credit placed in his account by the bank.
 

 During the course of a criminal investigation of Defendant's girlfriend, officers discovered evidence that Defendant had lied in his criminal complaint. Specifically, officers discovered that Defendant had sent his girlfriend a series of text messages authorizing her to use the checks, which he had pre-signed, for the care of their daughter. These text messages clearly showed that Defendant's girlfriend obtained Defendant's permission to cash each check before doing so.
 

 Defendant was subsequently indicted for two counts of obtaining property by false pretenses. Specifically, one indictment alleged that Defendant obtained $600 from his bank by means of a false pretense when he signed the affidavit of forgery of the checks "as stolen and forged when in fact he authorized and signed the check to be used by
 
 *785
 
 [his girlfriend]." The indictment further alleged that he
 
 attempted
 
 to obtain $300 by false pretenses when he signed the affidavit of forgery regarding the other two checks.
 

 Defendant was tried by a jury and convicted of obtaining property by false pretenses for the $600 provisional credit placed in his account and convicted of attempting to obtain property by false pretenses for the $100 and $200 checks. Following the jury's verdict, Defendant pleaded guilty to the charge of attaining habitual felon status. Defendant was sentenced accordingly and gave oral notice of appeal in open court.
 

 II. Analysis
 

 On appeal, Defendant argues that the trial court erred by failing to dismiss the charges against Defendant based on insufficiency of the evidence. Defendant further argues that the trial court committed plain error when it failed to instruct the jury that it could not convict Defendant of obtaining property by false pretenses (for the $600 check)
 
 and
 
 of attempting to obtain property by false pretenses (for the $200 and $100 checks) based on the "single taking rule."
 

 We find no error in Defendant's convictions.
 
 [1]
 

 A. Sufficiency of the Evidence
 

 On appeal, we consider the trial court's denial of a motion to dismiss for insufficient evidence
 
 de novo
 
 .
 
 State v. Privette
 
 ,
 
 218 N.C.App. 459
 
 , 471,
 
 721 S.E.2d 299
 
 , 308-09 (2012). To withstand a motion to dismiss for insufficient evidence, "the State must present substantial evidence of (1) each essential element of the charged offense and (2) [that defendant was] the perpetrator of such offense."
 
 Id.
 
 at 470-71,
 
 721 S.E.2d at 308
 
 .
 

 An essential element of the crime of obtaining property by false pretenses is that the defendant "obtains or attempts to obtain value from another."
 
 State v. Cronin
 
 ,
 
 299 N.C. 229
 
 , 242,
 
 262 S.E.2d 277
 
 , 286 (1980) ;
 
 see also
 

 N.C. Gen. Stat. § 14-100
 
 (2015).
 
 N.C. Gen. Stat. § 14-100
 
 defines the offense as complete if a defendant either "obtains"
 
 or
 
 "
 
 attempts to obtain
 
 value from another" by way of a false representation.
 
 N.C. Gen. Stat. § 14-100
 
 (a) (emphasis added).
 

 On appeal, Defendant argues that the State's evidence was not sufficient to support his conviction because the State failed to show that Defendant obtained anything of "value." Specifically, Defendant
 
 *786
 
 contends that the $600 provisional credit placed in his bank account was not a "thing of value." We disagree.
 

 Our Supreme Court has held that a loan is a "thing of value" for the purpose of the
 
 *369
 
 offense.
 
 See
 

 Cronin
 
 ,
 
 299 N.C. at 242
 
 ,
 
 262 S.E.2d at 285
 
 (stating that "the crime of obtaining property by false pretense is committed when one obtains a loan of money").
 

 Based in part on the reasoning in
 
 Cronin
 
 , we hold that the provisional credit placed in Defendant's account was a "thing of value" sufficient to sustain his conviction. The provisional credit was the equivalent of money being placed in his account, to which he had access, at least temporarily. Access to money for a period of time, even if it eventually has to be paid back, is a "thing of value."
 

 Id.
 

 Defendant argues that the State's evidence was insufficient to show that he
 
 intended to obtain
 
 the provisional credit placed in his account by the bank. We hold that the evidence, viewed in the light most favorable to the State, was sufficient to allow a jury to conclude that Defendant intended to obtain the credit to his account when he executed the bank's fraud affidavit.
 
 See
 

 State v. Patterson
 
 ,
 
 335 N.C. 437
 
 , 449-50,
 
 439 S.E.2d 578
 
 , 585 (1994).
 

 On this point, Defendant argues that he only completed the bank's affidavit of forgery "because the police directed him to do so" as part of his criminal complaint against his girlfriend and that he never withdrew or spent the provisional credit, and that the bank eventually removed the provisional credit from Defendant's account.
 

 It could be inferred from the evidence, viewed in the light most favorable to Defendant, that Defendant did not intend to obtain the provisional credit. However, viewed in the light most favorable to the State, the evidence demonstrated that Defendant lied about his girlfriend's "fraud," in part, for the purpose of obtaining a credit to his bank account. The affidavit that Defendant signed clearly stated that "a provisional credit may ... be issued for the transaction(s) in dispute[.]" Further, there was evidence that Defendant told his girlfriend that he wanted his money returned. This evidence constitutes "relevant evidence which a reasonable mind would accept as sufficient to support [the] conclusion" that Defendant lied to the bank in order to obtain the provisional credit.
 
 Id.
 
 at 449,
 
 439 S.E.2d at 585
 
 . Accordingly, this argument is overruled.
 

 B. Jury Instruction/Single Taking Rule
 

 Finally, Defendant alleges that the trial court's instructions to the jury violated the "single taking rule." Essentially, Defendant contends
 
 *787
 
 that the State's evidence only supported a
 
 single
 
 conviction of obtaining property by false pretenses, and thus, the trial court committed plain error when it failed to instruct the jury that it could not convict Defendant of both obtaining property by false pretenses and attempting to obtain property by false pretenses. Because the trial court did not do so, Defendant contends that his ultimate convictions for both offenses violate the "single taking rule." We hold that the trial court did not commit plain error in its instructions.
 

 When viewed in the light most favorable to the State, the evidence showed that (1) Defendant attempted to obtain $900 from his bank by making a false representation in the affidavit and (2) Defendant was successful in obtaining the temporary use of $600 of the $900 he had attempted to obtain.
 

 Our Supreme Court has explained in the context of larceny that when "a perpetrator steals several items at the same time and place," and as part of "one continuous act or transaction," only a single larceny offense is committed.
 
 State v.
 

 Adams
 
 ,
 
 331 N.C. 317
 
 , 333,
 
 416 S.E.2d 380
 
 , 389 (1992) ;
 
 see also
 

 State v. Marr
 
 ,
 
 342 N.C. 607
 
 , 613,
 
 467 S.E.2d 236
 
 , 239 (1996) ;
 
 State v. Jaynes
 
 ,
 
 342 N.C. 249
 
 , 275-76,
 
 464 S.E.2d 448
 
 , 464 (1995). In so stating, the Supreme Court examined the larceny statutes and discerned that the intent of the General Assembly was that a defendant who steals several items in a single theft be guilty of a single count.
 

 [T]he purpose of G.S. 14-72 is to establish levels of punishment for larceny based on the value of the goods stolen, the nature of the goods stolen or the method by which stolen, not to create new offenses. Nothing in the statutory language suggests that to charge a person with a separate offense for each firearm stolen in a single criminal incident was intended.
 

 Adams
 
 ,
 
 331 N.C. at 332
 
 ,
 
 416 S.E.2d at 388
 
 (citation omitted).
 

 *370
 
 We have reviewed the language of
 
 N.C. Gen. Stat. § 14-100
 
 and conclude that the General Assembly did not intend to subject a defendant to multiple counts of obtaining property by false pretenses where he obtains multiple items in a single transaction. Rather, the statute provides for an increase in punishment if the value of the property taken exceeds $100,000.
 
 See
 

 N.C. Gen. Stat. § 14-100
 
 (providing that the offense constitutes a Class C felony if the property value exceeds $100,000, but otherwise constitutes a Class H felony). Although our Court has considered the application of the "single taking rule" to the crime of obtaining property by false pretenses, we have done so only in the context
 
 *788
 
 of indictments.
 
 State v. Rawlins
 
 ,
 
 166 N.C.App. 160
 
 ,
 
 601 S.E.2d 267
 
 (2004). In
 
 Rawlins
 
 , our Court held that the single taking rule did not apply where the defendant used stolen credit cards on three separate occasions within a 20 minute period, stating: "In this case, there were three distinct transactions separated by several minutes in which different credit cards were used. Thus, we conclude that the indictments were not duplicative."
 
 Id.
 
 at 166,
 
 601 S.E.2d at 272
 
 .
 

 Applying the reasoning in
 
 Rawlins
 
 and the Supreme Court opinions in the larceny cases cited above, by way of example, if a defendant purchased three items with one swipe of a stolen credit card, the act would constitute a single offense under
 
 N.C. Gen. Stat. § 14-100
 
 . And if the value of each item was $50,000, the defendant would be guilty of a Class C felony (as opposed to three Class H felonies) since the total value of the items exceeded $100,000. However, if the defendant purchased each item with a separate credit card swipe separated by some amount of time, the defendant would be guilty of three Class H felonies, and not the single Class C felony because his actions would not constitute a "single taking."
 

 The wrinkle in the present case is that Defendant attempted to collect the value of three checks in a single transaction, but was only successful in obtaining a credit for one of the checks. However, the fact that Defendant was not successful in obtaining all of the property he attempted to obtain in the single transaction does not change the analysis. Indeed, if a defendant in the example above attempted to purchase three items with a stolen credit card, but was informed by the clerk that the card limit only allowed for the purchase of two of the items, the defendant would only be guilty of a single crime.
 

 Notwithstanding, we conclude that the trial court did not err in its jury instructions. Rather, the error appears to be constitutional in nature, as a double jeopardy issue. Therefore, because Defendant failed to make any objection at trial, any argument is waived on appeal.
 
 See
 

 State v. Gobal
 
 ,
 
 186 N.C.App. 308
 
 , 320-21,
 
 651 S.E.2d 279
 
 , 287 (2007),
 
 aff'd per curiam
 
 ,
 
 362 N.C. 342
 
 ,
 
 661 S.E.2d 732
 
 (2008).
 
 [2]
 
 In
 
 Gobal
 
 , the defendant argued that he should not have been sentenced for two separate crimes where his two acts constituted one offense.
 
 Id.
 
 at 320,
 
 651 S.E.2d at 287
 
 . We held that the defendant had failed to make the appropriate argument and that the argument was waived:
 

 *789
 
 Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal, not even for plain error. A double jeopardy argument need not use those exact words to be preserved for appeal if the substance of the argument was sufficiently presented and,
 
 more importantly, addressed by the trial court in finalizing its instructions to the jury
 
 .
 

 Id.
 

 at 320-21
 
 ,
 
 651 S.E.2d at 287
 
 (internal citations and marks omitted) (emphasis in original). In the present case, Defendant failed to make such an argument before the trial court and has therefore failed to preserve this issue on appeal.
 

 Accordingly, we find no error in Defendant's convictions.
 

 NO ERROR.
 

 Judges DAVIS and INMAN concur.
 

 [1]
 

 Defendant does not challenge the judgment convicting him of attaining the status of a habitual felon.
 

 [2]
 

 Nor has Defendant argued on appeal that the trial court's error violated his constitutional rights.