DILLON, Judge.
 

 *304
 
 Upon certification by our Supreme Court, we review whether the trial court committed plain error by failing to instruct the jury that it could not convict the Defendant of obtaining property by false pretenses and attempting to obtain property by false pretense because such a verdict would violate the "single taking rule." We conclude that the trial court committed plain error in this regard and, therefore, vacate one of the two judgments, namely, the judgment for attempting to obtain property by false pretenses in 15CRS050081.
 

 I. Background
 

 Defendant was indicted for two counts of false pretenses for signing a "Check Fraud/Forgery Affidavit" with his bank, disputing three checks written off his account totaling $900. Evidence showed, however, that Defendant, in fact, had pre-signed the three checks, gave them to the mother of his daughter, and authorized her to use them in the care of their daughter. Based on Defendant's representation in the affidavit, the bank gave Defendant temporary credit for one of the three checks, a $600 check, but denied him credit for two other checks, a $200 check and a
 
 *305
 
 $100 check. A more detailed recitation of the facts may be found in our prior opinion.
 
 State v. Buchanan
 
 , --- N.C. ----,
 
 801 S.E.2d 366
 
 (2017).
 

 Defendant was tried by a jury and convicted of (1) obtaining property by false pretense for a $600 provisional credit placed in his bank account and separately of (2) attempting to obtain property by false pretense for $100 and $200 checks. After being convicted of both counts, Defendant pleaded guilty to being an habitual felon. The trial court sentenced him to two active terms to run concurrently.
 

 In the first appeal, Defendant argued that his multiple convictions violated the "single taking rule," contending that his act of signing a single affidavit could only constitute one crime. We held that his argument was constitutional in nature, as a double jeopardy issue, and concluded that Defendant failed to preserve his constitutional argument. Accordingly, we found no error.
 

 Our Supreme Court, though, has vacated our holding and has remanded for our Court to consider whether the trial court committed plain error in failing to instruct the jury on the "single taking rule." On remand from our Supreme Court, we now consider that issue.
 

 *892
 
 II. Analysis
 

 Defendant argues that the trial court erred in its jury instructions. More specifically, Defendant alleges that the trial court's instructions violated the "single taking rule." Since Defendant did not object to the instructions at trial, we review the trial court's instruction for plain error.
 
 State v. Lawrence
 
 ,
 
 365 N.C. 506
 
 , 507-08,
 
 723 S.E.2d 326
 
 , 327-28 (2012).
 

 Our Supreme Court has adopted the plain error standard for unpreserved instructional or evidentiary error.
 
 State v. Odom
 
 ,
 
 307 N.C. 655
 
 , 658-62,
 
 300 S.E.2d 375
 
 , 377-79 (1983). "In deciding whether a defect in the jury instruction constitutes 'plain error,' [we] must examine the entire record and determine if the instructional error had a
 
 probable impact
 
 on the jury's finding of guilt."
 
 Id.
 
 at 661,
 
 300 S.E.2d at 378-79
 
 (emphasis added).
 

 The crime of obtaining property by false pretenses can be satisfied if a defendant either "obtains"
 
 or "attempts to obtain
 
 value from another" by way of a false representation.
 
 N.C. Gen. Stat. § 14-100
 
 (a) (2015) (emphasis added). That is, under the language of
 
 N.C. Gen. Stat. § 14-100
 
 , one has completed the crime even if he merely attempts to obtain property by false pretenses.
 

 *306
 
 At trial, the following instructions were given:
 

 Now, the defendant has been charged with obtaining property by false pretenses. For you to find the defendant guilty of this offense the State must prove five things beyond a reasonable doubt: first, that the defendant made a representation to another; second, that this representation was false; third, that this representation was calculated and intended to deceive; fourth, that the victim was, in fact, deceived by this representation; and fifth, that the defendant thereby obtained property from the victim.
 

 [...]
 

 Now, the defendant has also been charged with attempt to obtain property by false pretenses. For you to find the defendant guilty of this offense the State must prove five things beyond a reasonable doubt: first, that the defendant made a representation to another; second, that this representation was false; third, that this representation was calculated and intended to deceive; fourth, that the victim was, in fact, deceived by this representation; and fifth, that the defendant thereby attempted to obtain property from the victim.
 

 Upon review of the whole record, we are satisfied that Defendant has met his burden in showing that the error amounted to plain error. Defendant submitted one affidavit, disputing three checks; there is no conflicting evidence on this fact. The submission of the one affidavit is the one act, or one false representation, for which Defendant was charged. Therefore, as explained in more detail below, we conclude that there was only a single act or taking under the "single taking rule."
 
 State v. Rawlins
 
 ,
 
 166 N.C. App. 160
 
 , 165-66,
 
 601 S.E.2d 267
 
 , 271-72 (2004) (citing
 
 State v. Adams
 
 ,
 
 331 N.C. 317
 
 , 333,
 
 416 S.E.2d 380
 
 , 389 (1992) ).
 

 The "single taking rule" prevents a defendant from being charged or convicted multiple times for a single continuous act or transaction.
 
 State v. Adams
 
 ,
 
 331 N.C. 317
 
 , 333,
 
 416 S.E.2d 380
 
 , 389 (1992) ("[A] single larceny offense is committed when, as part of one continuous act or transaction, a perpetrator steals several items at the same time and place.");
 
 see also
 

 State v. Marr
 
 ,
 
 342 N.C. 607
 
 , 613,
 
 467 S.E.2d 236
 
 , 239 (1996).
 

 Our Court has applied the "single taking rule" to the crime of obtaining property by false pretenses in the context of indictments.
 
 Rawlins
 
 ,
 
 166 N.C. App. 160
 
 ,
 
 601 S.E.2d 267
 
 . In
 
 Rawlins
 
 , we concluded that the single taking rule did not apply where a defendant used stolen credit cards
 
 *307
 
 on three separate, distinct occasions to obtain property, even though the three credit card swipes occurred within a twenty (20) minute period: "In this case, there were three distinct transactions separated by several minutes in which different credit cards were used. Thus, we conclude the indictments were not duplicative."
 
 Id.
 
 at 166,
 
 601 S.E.2d at 272
 
 .
 

 Applying the reasoning in
 
 Rawlins
 
 and the above-cited Supreme Court opinions, it follows that the number of acts committed by a defendant generally determines how
 
 *893
 
 many counts or crimes as to which he or she may be convicted. For instance, if a defendant purchased three items with one swipe of a stolen credit card, the act would constitute a single offense under
 
 N.C. Gen. Stat. § 14-100
 
 ; and, if the combined value of the items was over $50,000, the defendant would be guilty of one Class C felony (as opposed to three Class H felonies). By contrast, if a defendant purchased the three items in three different credit card transactions separated by some amount of time, the defendant would be guilty of three distinct felonies because his actions would not constitute a "single taking."
 

 In this case, there was evidence that the Defendant filed a single affidavit to obtain credit for the three checks, evidence which would support only a "single taking." The fact that Defendant was unsuccessful in obtaining a credit for all three checks is irrelevant-Defendant committed only one act, making a single false representation. Indeed, in the above example, if the defendant had attempted to purchase three items with a stolen credit card involving a single swipe, but was informed by the clerk that the card limit only allowed for the purchase of one of the items, the defendant would still only be guilty of a single crime.
 

 We further conclude that the error in failing to instruct the jury on the "single taking rule" amounted to plain error. Specifically, the evidence in the light most favorable to the State demonstrates that Defendant obtained or attempted to obtain bank credit by signing a single affidavit;
 
 [1]
 
 there was no evidence from which the jury could have inferred that Defendant obtained or attempted to obtain credit for the three checks by signing multiple affidavits. Therefore, the failure to
 
 *308
 
 instruct on the "single taking rule" had a "probable impact" on the jury's finding Defendant guilty of two counts, rather than of only one count.
 

 We note that the trial court entered two judgments: (1) a judgment based on one of the false pretense convictions and (2) a consolidated judgment based on the second false pretense conviction and the habitual felon conviction. We remand the matter to the trial court with instructions to vacate one of the false pretense convictions, to consider whether the vacation of the conviction affects Defendant's habitual felon status, and to re-sentence Defendant accordingly.
 

 VACATED AND REMANDED.
 

 Judges DAVIS and INMAN concur.
 

 [1]
 

 It is true that Defendant signed each of the checks at different times for the mother of his child to use. However, the crimes for which Defendant was convicted did not involve pre-signing these checks. They involved his actions with his bank in attempting to obtain credit for those checks. Indeed, a defendant is guilty of only one count of obtaining property by false pretenses if he buys three shirts at once with a stolen credit card, even though he removed each shirt from a display rack at different points in time while in the store.