IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-911

No. COA22-339

Filed 29 December 2022

Caswell County, Nos. 18 CRS 59–60, 50074; 19 CRS 163

STATE OF NORTH CAROLINA

v.

JAMEY LAMONT WILKINS

Appeal by defendant from judgment entered 29 July 2021 by Judge Edwin G. Wilson, Jr., in Caswell County Superior Court. Heard in the Court of Appeals 1 November 2022.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Keith Clayton, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Wyatt Orsbon, for defendant.*

DIETZ, Judge.

¶ 1    When the competency of a criminal defendant is questioned, there are two sources of rights that can apply: statutory protections and constitutional ones. Our Supreme Court—repeatedly over many decades—has held that the statutory protections can be waived if not timely asserted by the defendant's counsel. The constitutional protections, by contrast, cannot be waived by failure to assert them.

¶ 2    In this appeal, Defendant Jamey Lamont Wilkins concedes that he is not

raising a constitutional competency issue, and that he did not preserve his statutory competency issue in the trial court. So he asks this Court to reshape decades of settled law from our Supreme Court distinguishing statutory issues (waivable) and constitutional ones (nonwaivable) by creating a new subcategory of statutory competency cases that are treated the same way that our Supreme Court treats the constitutional ones.

¶ 3        That is not an appropriate task for this Court. We are an error-correcting court, not a law-making one. If, as Wilkins argues, the long line of cases concerning waiver of statutory competency should be subject to a new, court-created exception, that change must come from our Supreme Court.

## Facts and Procedural History

¶ 4        In 2018, Defendant Jamey Lamont Wilkins was riding in the front passenger seat of an SUV when police pulled the vehicle over on suspicion of having thrown contraband into a nearby prison yard. Wilkins remained silent while officers searched the SUV. The search revealed two footballs on the floorboard behind Wilkins's seat that had been cut open, filled with drugs and other contraband, and duct-taped closed. Police also found a large sum of cash within the center console. Law enforcement arrested both Wilkins and the driver of the SUV.

¶ 5        The State charged Wilkins with multiple drug possession offenses, several counts of attempting to provide contraband to an inmate, and attaining habitual felon

status. Two days later, Wilkins's counsel filed a motion requesting a competency hearing. At the competency hearing, Wilkins's counsel informed the trial court that, in addition to counsel's own concerns regarding his client's competency, jail staff reported that Wilkins was "exhibiting some odd behaviors" and had recommended an evaluation. The trial court entered an order finding that Wilkins's "capacity to proceed is in question." The order required the State to transport Wilkins to a mental health facility for a forensic evaluation.

¶ 6          That never happened. Wilkins was not transported to the mental health facility and he never received any competency evaluation. Instead, Wilkins was jailed for a brief period and then released on bail.

¶ 7          Several years later, in 2021, Wilkins's case went to trial. By this point, Wilkins had hired new counsel. His new counsel never asserted that the trial court's order requiring a competency evaluation had not been followed, and never asserted that Wilkins required a competency evaluation or hearing.

¶ 8          During the trial, the State elicited testimony from three witnesses concerning Wilkins's silence during the stop and search. Wilkins did not object to this testimony.

¶ 9          The jury acquitted Wilkins of attempting to provide contraband to an inmate but convicted him of the drug possession charges. Wilkins then pleaded guilty to attaining habitual felon status. The trial court consolidated the convictions into one judgment and sentenced Wilkins to a term of 51 to 74 months in prison. Wilkins

timely appealed.

## Analysis

### I.     Failure to conduct competency hearing

¶ 10         Wilkins first argues that the trial court erred because it ordered a competency evaluation but then proceeded to trial several years later without one. Although Wilkins never objected to the lack of a competency evaluation and hearing, he contends that "once a trial court finds a defendant's capacity to proceed is in question, the right to a competency determination cannot be waived."

¶ 11         Wilkins's argument is not an accurate statement of the law as it exists today. There are two potential sources of a criminal defendant's right to a competency hearing: constitutional and statutory. The constitutional right, which stems from the Due Process Clause, provides that when "a trial court possesses information regarding a defendant that creates sufficient doubt of his competence to stand trial to require further inquiry on the question," the trial court *must* conduct a competency hearing. *State v. Sides*, 376 N.C. 449, 458, 852 S.E.2d 170, 176 (2020). This constitutional right cannot be waived by the defendant because the "trial court has a *constitutional duty* to institute, *sua sponte*, a competency hearing if there is substantial evidence before the court" that meets the due process criteria. *Id.*; *see also State v. Badgett*, 361 N.C. 234, 259, 644 S.E.2d 206, 221 (2007). Importantly, Wilkins did not assert an argument under this due process standard in his appellate briefing

and conceded at oral argument that he is not raising this due process claim.

¶ 12        Criminal defendants also can have a statutory right to a competency hearing that arises from Section 15A-1002 of our General Statutes. That provision states that when the competency of a defendant is questioned, the trial court "shall hold a hearing" to determine capacity to proceed:

> (a) The question of the capacity of the defendant to proceed may be raised at any time on motion by the prosecutor, the defendant, the defense counsel, *or the court*. . . .
>
> (b) (1) When the capacity of the defendant to proceed is questioned, *the court shall hold a hearing* to determine the defendant's capacity to proceed. If an examination is ordered . . . the hearing *shall be held* after the examination. . . .

N.C. Gen. Stat. § 15A-1002(a)–(b)(1) (emphasis added).

¶ 13        Ordinarily, this sort of compulsory statutory language might be considered a "statutory mandate" and fall within a long line of cases holding that compliance with the statute cannot be waived by failure to timely assert it to the trial court. *See In re E.D.*, 372 N.C. 111, 121–22, 827 S.E.2d 450, 457 (2019) (collecting cases).

¶ 14        But beginning nearly half a century ago, our Supreme Court held that Section 15A-1002 was subject to ordinary preservation requirements and, thus, defendants must timely raise noncompliance with the statute or the issue is waived on appeal. *State v. Young*, 291 N.C. 562, 566, 231 S.E.2d 577, 580 (1977). Since *Young*, our Supreme Court repeatedly has held that "the statutory right to a competency hearing

is waived by the failure to assert that right at trial" and if a defendant proceeds to trial without raising Section 15A-1002 with the trial court, the defendant's "statutory right to a competency hearing was therefore waived by the failure to assert that right at trial." *Badgett*, 361 N.C. at 259, 644 S.E.2d at 221; *see also State v. King*, 353 N.C. 457, 466, 466 S.E.2d 575, 584–85 (2001).

¶ 15        Wilkins argues that we should find his statutory competency argument preserved for appellate review by further subdividing the Supreme Court's precedent in *Young*, *King*, *Badgett*, and *Sides*. Wilkins contends that the *Young*, *King*, and *Badgett* cases should be interpreted to apply only when the trial court did not order an evaluation or otherwise inquire into the defendant's competency. But, if the trial court makes that inquiry—for example, by ordering an evaluation as occurred in this case—then *Young*, *King*, and *Badgett* no longer apply and the defendant's counsel need not raise the issue at trial in order to preserve it.

¶ 16        The flaw in this argument is that the Supreme Court in *Young*, *King*, *Badgett,* and the rest of this line of cases never made the sort of distinction that Wilkins asserts here. Instead, these cases focus solely on one factor: that the defendant proceeded to trial and entry of judgment without asserting the right to the hearing. There is no basis in any of these cases to draw factual distinctions that would permit *some* statutory competency issues to be waivable but not others. In these cases, the Supreme Court's holding was straightforward and categorical: the constitutional

issue is not waivable; the statutory one is. *See*, *e.g.*, *King*, 353 N.C. at 466, 466 S.E.2d at 584–85; *Badgett*, 361 N.C. at 259, 644 S.E.2d at 221; *Sides*, 376 N.C. at 458, 852 S.E.2d at 176. If this case presents a need for a new subcategory of statutory cases that are not waivable, like the corresponding constitutional ones, that change must come from our Supreme Court.

¶ 17        Having set out the applicable law, we hold that Wilkins's statutory competency argument is not preserved for appellate review. In 2018, shortly after Wilkins's arrest, his counsel questioned his competency and the trial court ordered that Wilkins be transported to a mental health facility for evaluation. That evaluation never took place and instead Wilkins was released on bail. Three years later, in 2021, Wilkins's case was called for trial and Wilkins appeared with new counsel. He proceeded to trial without raising any competency issues or requesting that the court conduct the evaluation and review it previously had ordered.

¶ 18        Under *Young*, *King*, *Badgett* and their progeny, the failure to assert the statutory right to a competency hearing at trial, before entry of the judgment, waived the *statutory* issue on appellate review. And, because Wilkins did not assert a *constitutional* competency argument on appeal and conceded at oral argument that the constitutional standard is not at issue in this appeal, that nonwaivable issue is not applicable in this appeal. Accordingly, under controlling precedent from our Supreme Court, Wilkins's competency argument is not preserved for appellate

review.

¶ 19    Our dissenting colleague finds it "ironic" that, as an error-correcting court, we are unwilling to correct the error that the dissent sees in this case. But what occurred here is commonplace. There are countless examples of cases where an error occurred in the trial court but it was not a *reversible* error—that is, the type of error this Court can correct. This often happens because the error is not prejudicial, but it also happens for the reason presented in this case—because the error was not preserved for appellate review.

¶ 20    Indeed, this case highlights precisely why we have preservation requirements. If Wilkins's counsel believed the competency evaluation was necessary (although due process did not require one), there was ample opportunity to raise the issue and have the trial court act on it. By saving this argument for appeal, Wilkins was able to await the jury's verdict and then, after the verdict was unsatisfactory, seek a second bite at the apple by arguing for a new trial. All the while, the issue producing that new trial easily could have been brought to the trial court's attention and corrected in the first go round. *See State v. Black*, 260 N.C. App. 706, 817 S.E.2d 506, 2018 WL 3734703, at *2 (2018) (unpublished). The dissent may not care about encouraging this sort of gamesmanship, but the Supreme Court does. *State v. Bursell*, 372 N.C. 196, 199, 827 S.E.2d 302, 305 (2019).

## II.    Evidence concerning Wilkins's silence

¶ 21        Wilkins next argues that the trial court committed plain error by admitting testimony from several law enforcement officers concerning Wilkins's silence during the traffic stop and search of the vehicle.

¶ 22        Wilkins concedes that he did not object to this testimony at trial and requests that this Court review for plain error. The plain error test consists of three factors. First, the defendant must show that "a fundamental error occurred at trial." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012). Second, the defendant must show that the error had a probable impact on the outcome—that is, "that, absent the error, the jury probably would have returned a different verdict." *Id.* at 519, 723 S.E.2d at 335. Finally, because plain error "is to be applied cautiously and only in the exceptional case," the defendant must show that the error is the type that seriously affects "the fairness, integrity or public reputation of judicial proceedings." *Id.* at 518, 723 S.E.2d at 334.

¶ 23        As an initial matter, it is not clear that this issue is reviewable on appeal, even for plain error. Our Supreme Court has long held that "[c]onstitutional issues not raised and passed upon at trial will not be considered for the first time on appeal, not even for plain error." *State v. Buchanan*, 253 N.C. App. 783, 789, 801 S.E.2d 366, 370 (2017). Although Rule 10 of the Rules of Appellate Procedure does not preclude plain error review of constitutional issues, the Supreme Court has not overturned this

precedent. Wilkins concedes that this testimony would be admissible but for his Fifth Amendment argument—in other words, he acknowledges that this argument is solely a constitutional one. Thus, is it an issue that is fully waived if not timely asserted in the trial court.

¶ 24      In any event, even if subject to plain error review, Wilkins has not shown that, but for the references to his silence, the jury probably would have reached a different result. *Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334. Nor has he shown that these purported errors were so fundamental, given the weight of the State's evidence at trial, that they call into question the integrity of our justice system. *Id.* We therefore find no error, and certainly no plain error, in the trial court's judgment.

## Conclusion

¶ 25      For the reasons explained above, we find no error in the trial court's judgment.

NO ERROR.

Judge DILLON concurs.

Judge INMAN dissents with separate opinion.

INMAN, Judge, dissenting.

I fully agree with the majority that "[w]e are an error-correcting court, not a law-making one." And there does not appear to be any serious disagreement over whether error occurred here: the State ignored a lawful order compelling it to submit Defendant for a competency evaluation, and the trial court ignored a statutory mandate directing it to conduct a competency hearing. Where the majority and I differ, ironically enough, is whether we may perform our error-correcting function in this case to set right the mistakes made below, just as this Court has done in other cases with analogous facts. Because in my view we may provide such redress in this case without running afoul of Supreme Court precedent, I respectfully dissent from the majority's determination that Defendant is not entitled to relief here.

## I.   ANALYSIS

The statute at issue, N.C. Gen. Stat. § 15A-1002(a)-(b)(1) (2021), contains a statutory mandate compelling the trial court to conduct a hearing on defendant's competency once judicially questioned. *See State v. Myrick*, 277 N.C. App. 112, 2021-NCCOA-146, ¶ 13 ("By failing to make a determination of Defendant's capacity (which had been questioned) and failing to make findings of fact to support that determination, the trial court acted contrary to [Section 15A-1002's] statutory mandate."). As a general rule, such violations are automatically preserved for appellate review without objection. *See In re E.D.*, 372 N.C. 111, 121-22, 827 S.E.2d 450, 457 (2019) (collecting cases). And in at least two cases, this Court has remedied

such a violation notwithstanding a defendant's failure to object at trial. *Myrick*, ¶ 13; *State v. Tarrance*, 275 N.C. App. 981, 2020 WL 7973946 (2020) (unpublished).[1]

¶ 28 The majority rightly notes that, in another line of decisions beginning with *State v. Young*, 291 N.C. 562, 231 S.E.2d 577 (1977), our Supreme Court has created a specific exception to this general rule of preservation in the context of statutory competency hearings. But, based on a close reading of those cases and the distinguishing facts of this case, I disagree with the majority that *Young* and its progeny require us to hold that Defendant—unlike the defendants in *Myrick* and *Tarrance*—cannot obtain relief from the trial court's error below.

### 1. Young *and Waiver of the Statutory Mandate*

¶ 29 In *Young*, a trial court found the defendant's competency to be in question, involuntarily committed the defendant, and ordered a psychiatric evaluation. 291 N.C. at 566, 231 S.E.2d at 580. Following the evaluation, a psychiatrist opined that the defendant was competent to stand trial. *Id.* at 566-67, 231 S.E.2d at 580. However, the trial court never convened a hearing to judicially determine the defendant's competency, and the case proceeded to judgment. *Id.* at 568, 231 S.E.2d at 581. The Supreme Court declined to entertain the defendant's argument on appeal

---

[1] *Tarrance* lacks precedential value as an unpublished decision, but I find it instructive given it is the only decision from a North Carolina appellate court addressing this issue on procedural facts identical to this case.

that the failure to hold a competency hearing constituted error based on the facts

including that the defendant's psychiatric evaluation showed him to be competent:

> In the case before us we find no indication that the failure
> to hold a hearing under [Section 15A-1002] was considered
> or passed upon by the trial judge. Neither defendant nor
> defense counsel, although present at trial, *questioned the*
> *correctness of the diagnostic finding that defendant was*
> *competent to stand trial, understood the charges and was*
> *able to cooperate with his attorney*; and neither objected to
> the failure to hold the hearing. When arraigned, defendant
> entered a plea of not guilty. The defense of insanity was not
> raised. *On these facts* we hold that defendant's statutory
> right, under [Section 15A-1002], to a hearing *subsequent to*
> *his commitment*, was waived by his failure to assert that
> right. His conduct was inconsistent with a purpose to
> insist upon a hearing to determine his capacity to proceed.

*Id.* at 567-68, 231 S.E.2d at 580-81 (emphasis added).

¶ 30        Our appellate courts have since applied *Young* to hold a defendant waives his

statutory rights to a competency hearing under two general fact patterns: (1) when,

as in *Young*, *the ordered psychiatric examination reveals the defendant to be*

*competent*, and the case proceeds to conviction and sentencing without objection or

any indication from the defendant that he may lack competency; or (2) when there is

no indication of record suggesting incompetency and the question of defendant's

competency is never raised in the trial court. *See State v. Dollar*, 292 N.C. 344, 350-

51, 233 S.E.2d 521, 525 (1977) (holding a defendant's statutory right to a competency

hearing was waived under *Young* and "under the circumstances of this case" because

"[t]he report of the psychiatric examination is admissible in evidence at such [a] hearing" and "[t]he record in the present case shows that the report of the examining psychiatrist was to the effect that the defendant did have the requisite mental capacity to plead to the indictment and to stand trial")*; State v. King*, 353 N.C. 457, 466, 546 S.E.2d 575, 584-85 (2001) (holding a defendant waived application of Section 15A-1002 because "neither defendant nor defense counsel questioned defendant's capacity to proceed"); *State v. Badgett*, 361 N.C. 234, 259, 644 S.E.2d 206, 221 (2007) (same).

¶ 31    In sum, the above decisions held the statutory right to a competency hearing had been waived when all the circumstances showed the defendants to be competent, either through uncontradicted evidence in the form of a psychiatric evaluation or through a failure to raise the question at all.  The majority has not identified, and I cannot find, any case holding that a defendant waives his right to a mandated competency hearing under facts similar to this case, *i.e.,* when: (1) the issue of a defendant's competency is raised; (2) a trial court judicially determines the defendant's competency to be in question and orders the State submit him to an evaluation; (3) the State ignores the order and no evaluation is conducted; and (4) the case proceeds to judgment without any further action to determine the defendant's competency.

### 2. *Cases Remedying Statutory Violation Absent a Defendant's Motion for Competency Hearing*

¶ 32    Defendant has directed us to two decisions by this Court holding that the trial court erred when a defendant's competency was judicially questioned but never determined notwithstanding the defendant's failure to request such a ruling before judgment. In *Myrick*, the defendant filed a motion requesting a competency evaluation, which the trial court granted. *Myrick*, ¶ 2. The defendant was evaluated, and the examining physician opined that he was "incapable to proceed due to untreated psychosis." *Id.* ¶ 3. The defendant was then involuntarily committed at the request of the State, and the trial court found the defendant not guilty by reason of insanity without ever entering an order determining whether the defendant was competent to stand trial. *Id.* ¶ 4. We vacated the trial court's order, holding that "[b]y failing to make a determination of [the d]efendant's capacity (which had been questioned) and failing to make findings of fact to support that determination, the trial court acted contrary to [Section 15A-1002's] statutory mandate." *Id.* ¶ 13.

¶ 33    We reached a similar result in *Tarrance*, which is procedurally identical to the present case. There, the defendant requested and was ordered to undergo a competency evaluation. 2020 WL 7973946 at *1. The evaluation was never conducted, and the trial court never held a hearing to determine whether the defendant was competent. *Id.* Nonetheless, the trial court proceeded with trial and

the defendant was convicted and sentenced. *Id.* On appeal, we held that the matter required a remand for a retroactive competency determination because "[t]he plain language of [Section 15A-1002's] statutory provisions compels the conclusion that once [a trial judge] found that [the d]efendant's capacity to proceed was 'in question,' a competency hearing was statutorily required." *Id.* at *2.

¶ 34   *Tarrance* is an unpublished decision and therefore not binding. But in my view it is persuasive.

### 3. *Reconciling* Young, Myrick, *and* Tarrance

¶ 35   At first blush, *Myrick* and *Tarrance* appear inconsistent with *Young* and its progeny; neither of the defendants in those cases raised the lack of a final competency hearing at trial, and yet this Court remedied the statutory violation that *Young* had held, more than thirty years earlier, was waived. But a critical factual distinction resolves this conflict: the *Young* cases all involved defendants who never had their competency questioned at all or who underwent examinations showing them to be competent, while *Myrick* and *Tarrance* involved defendants whose competency remained an open question prior to and at the time of trial.

¶ 36   I draw this distinction largely from the text of *Young* and *Dollar*. In *Young*, our Supreme Court concluded the defendant waived a challenge to the denial of a competency hearing because "[n]either defendant nor defense counsel, although present at trial, questioned the correctness of the diagnostic finding that defendant

was competent to stand trial, understood the charges and was able to cooperate with his attorney[.]" 291 N.C. at 568, 231 S.E.2d at 580-81. The Supreme Court in *Dollar* relied on this same fact to conclude that the defendant was not entitled to relief:

> The record in the present case shows that the report of the examining psychiatrist was to the effect that the defendant did have the requisite mental capacity to plead to the indictment and to stand trial. Nothing in the record indicates that before going to trial the defendant requested a hearing or otherwise indicated any adherence to his contention of lack of mental capacity. He offered no evidence on the question.

292 N.C. at 350-51, 233 S.E.2d at 525. Later decisions have followed *Young* and *Dollar* only under similar circumstances, *i.e.*, when a subsequent evaluation and all other evidence showed the defendant to be competent,[2] or when the defendant's competency was never questioned in the first place. *See, e.g., State v. Hoover*, 174 N.C. App. 596, 601, 621 S.E.2d 303, 306 (2005) (holding a defendant waived his statutory right to a competency hearing after the trial court summarily adopted, without objection, the conclusion of competency reached by a forensic examiner); *State v. Ashe*, 230 N.C. App. 38, 40, 748 S.E.2d 610, 613 (2013) ("Here, no one

---

[2] The significance of this fact in holding waiver occurred neatly correlates with our caselaw holding that a trial court need not enter a formal written competency order when all the evidence demonstrates the defendant is competent. *See, e.g., State v. Gates*, 65 N.C. App. 277, 283, 309 S.E.2d 498, 502 (1983) ("Although the better practice is for the trial court to make findings and conclusions when ruling on a motion under [Section] 15A-1002(b), it is not error for the trial court to fail to do so where the evidence would have compelled the ruling made.").

requested a hearing on his capacity to stand trial. Thus, defendant waived his statutory right to such a hearing.").

¶ 37        These substantial factual distinctions lead me to respectfully disagree with the majority's assertion that *Young* and decisions following it "focus solely on one factor: that the defendant proceeded to trial and entry of judgment without asserting the right to the hearing." If the failure to assert the statutory right to a competency hearing were truly the sole factor necessary to establish waiver when competency has been judicially questioned, our Supreme Court would not have specifically noted the expert evaluations in *Young* and *Dollar* in explaining their holdings. *See Young*, 291 N.C. at 568, 231 S.E.2d at 580-81 (expressly including the fact that counsel did not "question[] the correctness of the diagnostic finding that defendant was competent to stand trial" as one of the "facts" on which its holding of waiver was based); *Dollar*, 292 N.C. at 350-51, 233 S.E.2d at 525 (citing *Young* and holding waiver of the right to a statutory competency hearing was shown "under the circumstances of this case," including an expert opinion that the defendant was competent). That this particular fact did not appear in the statutory waiver analyses conducted in the other cases cited by the majority such as *King* and *Badgett* is unsurprising, because the records in those cases contain no indication—such as a motion and subsequent order judicially questioning competency—that the defendants' competency were in question. *King*, 353 N.C. at 466, 546 S.E.2d at 584-85 (2001) ("[N]either defendant nor defense

counsel questioned defendant's capacity to proceed"); *Badgett*, 361 N.C. at 259, 644 S.E.2d at 221 ("Nothing in the instant record indicates that the prosecutors, defense counsel, defendant, or the court raised the question of defendant's capacity to proceed at any point during the proceedings, nor was there any motion made detailing the specific conduct supporting such an allegation.").

¶ 38    I am, of course, mindful of and agree with the majority's statement that "we are an error-correcting court, not a law-making one." But my disagreement with the majority's holding is not based on any policy preference and would vindicate the straightforward statutory command of our General Assembly—unquestionably a law-making body—that the trial court must conduct a hearing once a defendant's competency is judicially questioned. I am cautious to give our Supreme Court's decisions broader application than intended by their text, particularly when doing so raises a potential conflict with decisions of this Court. After all, the Supreme Court's decision in *In re Civil Penalty*, 324 N.C. 373, 379 S.E.2d 30 (1989), reversed a decision of this Court because it construed a seemingly bright-line rule found in Supreme Court precedent too broadly and, in doing so, effectively overruled a prior decision of this Court that addressed the same legal issue under different facts. 324 N.C. at 378, 384, 379 S.E.2d at 33, 36-37.

¶ 39    I also depart from the majority because our Supreme Court has most recently erred on the side of vindicating a defendant's right to a competency determination—

albeit on constitutional rather than statutory grounds—when the evidence as to competency is inconclusive. In *State v. Sides*, 376 N.C. 449, 852 S.E.2d 170 (2020), a defendant was unable to attend her trial due to a suicide attempt and involuntary commitment. 376 N.C. at 451, 852 S.E.2d at 170. The trial court, without conducting a competency hearing, ruled that the defendant's absence was voluntary and proceeded with trial without her present. *Id.* at 455, 852 S.E.2d at 175. The defendant was convicted and argued on appeal that her statutory and constitutional rights to a competency determination were violated. *Id.* at 455-56, 852 S.E.2d at 175. This Court held that both rights, in addition to the defendant's right to be present at her trial, were waived. *Id.* The defendant then appealed that decision to our Supreme Court.

¶ 40     Though the Supreme Court declined to address whether the defendant had waived her statutory right to a competency hearing under Section 15A-1002, *id.* at 457-58, 852 S.E.2d at 177, it did conclude that we erred in holding she had waived her constitutional right to be present at trial without a competency determination, as doing so " 'put the cart before the horse[,]' " *id.* at 456-57, 852 S.E.2d at 176. This was because "a defendant cannot be deemed to have voluntarily waived her constitutional right to be present at her own trial unless she was mentally competent to make such a decision in the first place. *Logically, competency is a necessary predicate to voluntariness.*" *Id.* at 459, 852 S.E.2d at 177 (emphasis added). The Supreme Court

held the defendant was entitled to a new trial because the trial court erred in failing to conduct a *sua sponte* competency hearing prior to concluding the defendant had waived her right to be present for trial, as there was substantial evidence of incompetency sufficient to trigger that constitutionally required procedure. *Id.* at 466, 852 S.E.2d at 182. *Sides* therefore suggests that, in cases like this one, a defendant cannot be said to have waived a right to a competency determination when the question of the defendant's competency is raised by the record. *Cf. Medina v. California*, 505 U.S. 437, 450, 120 L. Ed. 2d 353, 366 (1992) ("[I]t is impossible to say whether a defendant whose competence is in doubt has made a knowing and intelligent waiver of his right to a competency hearing."); *Pate v. Robinson*, 383 U.S. 375, 384, 15 L. Ed. 2d 815, 821 (1966) ("The State insists that Robinson deliberately waived the defense of his competence to stand trial by failing to demand a sanity hearing as provided by Illinois law. But it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial.").

¶ 41 In sum, this case is factually distinct from those in which the Supreme Court and this Court have held the defendant waived the statutory right to a competency hearing; in each of those cases, the competency of the defendant was never judicially questioned at all or the unequivocal evidence showed the defendant to be competent. The importance of this distinction is reinforced by *Sides*, which recognized that

competency is a necessary predicate to voluntary waiver. I disagree with the majority that *Young*, *Dollar*, and related decisions compel a waiver in cases like the one before us, where a defendant's competency is judicially questioned but an ordered evaluation disclosing his competency is never completed due to the fault of the State. Instead, following the more analogous decisions of *Myrick* and *Tarrance*, I would hold that the trial court's failure to conduct the statutorily mandated competency determination hearing may be raised and remedied on appeal notwithstanding Defendant's failure to renew the issue at trial.

### 4. *Defendant Is Entitled to a New Trial*

¶ 42    A defendant who was erroneously denied a competency hearing may receive one of two remedies on appeal, depending on the circumstances: a retroactive competency hearing or a new trial. *Sides*, 376 N.C. at 466, 852 S.E.2d at 182. "Where a retrospective hearing would require the trial court to assess the defendant's competency 'as of more than a year ago,' the Supreme Court has suggested that such a hearing is not an appropriate remedy." *Id*. In this case, Defendant's competency was brought into question over three years ago, his trial concluded more than one year ago, and the State makes no argument in favor of a retroactive competency hearing. Consistent with *Sides* and absent any countervailing rationale from the State, I would hold that a retroactive competency evaluation is not feasible, vacate Defendant's convictions, and remand for a new trial.

## II.    <u>CONCLUSION</u>

¶ 43        Defendant's competency in this case was judicially questioned by a trial judge. The State—not Defendant—was required by the trial court's order to submit Defendant to a competency evaluation, and the trial court—not Defendant—bore the express statutory duty to conduct a hearing following that evaluation.  The State did not comply with the trial court's order, and the trial court never held the statutorily required hearing because no evaluation had occurred.   Under these facts, meaningfully distinct from those in *Young, Dollar*, and other decisions finding a waiver of the statutory right to a competency hearing, I would hold that Defendant may seek and receive redress for the trial court's failure to comply with the statutory mandate found in Section 15A-1002.   And, given the particular circumstances presented here, Defendant is entitled to a new trial rather than a retroactive competency hearing.  Because I do not believe that such a result runs counter to the duties of this Court or conflicts with binding precedent, I respectfully dissent from the majority's holding that Defendant waived his right to correction of the error below.